**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff<br><br>v.<br><br>ELECTROLIZING, INC.,<br>ALAN GODIN, alias,<br>DAVE RICHARDS, alias, and<br>any and all defendants,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 07 331 S<br>C.A. No. |

**COMPLAINT**

This is a claim by Plaintiff Enid Bonilla against her former employer, Electrolizing, Inc., her former co-worker, Alan Godin, and her former supervisor, Dave Richards, for violation of Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.* and for violation of the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*

**The Parties**

1. Plaintiff Enid Bonilla is a resident of the State of Rhode Island.

2. Defendant Electrolizing, Inc. ("Electrolizing") operates a manufacturing facility in Providence, Rhode Island (the "Providence Facility").

3. At all relevant times, Electrolizing employed Defendant Alan Godin at the Providence Facility.

4. At all relevant times, Electrolizing employed Defendant Dave Richards at the Providence Facility.

## **Jurisdiction**

5. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e *et seq.* and 29 U.S.C. § 2601 *et seq.*

## **Administrative Procedures**

6. Prior to instituting this suit, Plaintiff filed a Charge of Discrimination against the Defendants in the Rhode Island Commission for Human Rights (RICHR NO. 07 EAO 131-06/06) and in the United States Equal Employment Opportunity Commission (EECO NO. 16J-2007-00093).

**Statement of Facts**

7. Ms. Bonilla is an Hispanic woman, a native of Puerto Rico, and the mother of two minor children.

8. On March 30, 2004, Ms. Bonilla began working for Electrolizing at the Providence Facility in the Shipping and Receiving Department where her primary responsibilities consisted of packing and sealing boxes in preparation for shipping the company's products.

9. Ms. Bonilla worked in the Shipping Department with a Caucasian, male worker named Alan Godin.

10. During the course of Ms. Bonilla's employment, Mr. Godin subjected her repeatedly to sexist and racist comments – often in front of their supervisor, Dave Richards.

11. When Mr. Godin thought Ms. Bonilla was working too slowly, he said to her: "I told [Electrolizing] not to hire women . . . you shouldn't be working here . . . all you women do is talk . . . I don't know why they keep sending me women . . ."

12. On many other occasions, Mr. Godin made derogatory remarks about Ms. Bonilla's race and ancesctral origin, stating: "You people come [to the United States] and get all the benefits . . . If I had my way, none of you people would be here . . . you should all go back to your country!"

13. Mr. Godin routinely disparaged Latin "Salsa" music in front of Ms. Bonilla, stating: "I'm sick of you people and your music!"

14. Mr. Godin berated Ms. Bonilla for speaking during work hours, but only when she spoke Spanish with Hispanic co-workers and not when she spoke English with Caucasian co-workers.

15. Mr. Godin never complained when American workers conversed in English during work hours.

16. Ms. Bonilla grew tired of Mr. Godin's racist and sexist comments, so she complained to Electrolizing's Plant Manager, Dave Richards, about Mr. Godin on numerous occasions.

17. Mr. Richards either ignored or dismissed out of hand each of Ms. Bonilla's complaints stating: "You haven't been here long enough to have the right to complain about anything!"

18. Eventually, Ms. Bonilla threatened to quit her job unless Mr. Richards relocated her to a different department away from Mr. Godin.

19. Ms. Bonilla also requested that the company conduct a formal investigation of her complaints and that Mr. Richards provide her with a written disposition of the investigation pursuant to R.I. Gen. Laws § 28-5-7(1)(v) (2006).

20. Upon information and belief, Electrolizing never conducted an investigation pursuant to Ms. Bonilla's request, nor did it ever provide Ms. Bonilla with a written disposition of an investigation, nor did it ever reprimand Mr. Godin for his unlawful conduct.

21. On February 8, 2006, Mr. Bonilla's two children became afflicted with Scarlet Fever and required emergency medical treatment.

22. Accordingly, Ms. Bonilla requested and received permission to leave work at 9:30 AM for the rest of the day to be with her severely ill children in the hospital.

23. Ms. Bonilla worked regular hours on February 9, 2006 and on February 10, 2006 even though her children were still severely ill with Scarlet Fever.

24. At the close of business on February 10, 2006, Mr. Richards terminated Ms. Bonilla's employment, stating: "I'm letting you go . . . so you can go and take care of your kids."

25. On December 6, 2006, Ms. Bonilla filed a Charge of Discrimination against the Defendants in the Rhode Island Commission for Human Rights ("RICHR") (RICHR NO. 07 EAO 131-06/06), which was filed simultaneously in the United States Equal Employment Opportunity Commission ("EEOC") (EECO NO. 16J-2007-00093).

26. On May 29, 2007, Ms. Bonilla requested from RICHR and EEOC a Right to Sue Letter.

27. On June 6, 2007, the EEOC issued Ms. Bonilla a Right to Sue Letter, a copy of which is attached hereto as Exhibit "A."

**COUNT I**

**(Violation of Title VII of the Civil Rights Act of 1964 - Discrimination)**

28. Ms. Bonilla hereby incorporates by reference paragraphs 1-27 of this Complaint.

29. By the foregoing acts and omissions, the Defendants have maliciously and recklessly violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by discriminating against Ms. Bonilla with respect to the terms, conditions, and privileges of her employment on the basis of her sex, race, color, and ancestral origin.

30. Ms. Bonilla has been harmed thereby.

**COUNT II**

**(Violation of Title VII of the Civil Rights Act of 1964 - Retaliation)**

31. Ms. Bonilla hereby incorporates by reference paragraphs 1-30 of this Complaint.

32. By the foregoing acts and omissions, Defendants have maliciously and recklessly violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by retaliating against Ms. Bonilla for her exercising of rights under Title VII of the Civil Rights Act of 1964.

33. Ms. Bonilla has been harmed thereby.

**COUNT III**

**(Violation of the Family and Medical Leave Act)**

34. Ms. Bonilla hereby incorporates by reference paragraphs 1-33 of this Complaint.

35. At all relevant times, Electrolizing employed fifty (50) or more employees at the worksite where Ms. Bonilla was employed.

36. Ms. Bonilla was employed at Electrolizing for at least twelve (12) months.

37. Ms. Bonilla was employed at Electrolizing for at least 1,250 hours of service during the previous twelve (12) months prior to her termination.

38. Ms. Bonilla was eligible, pursuant to the FMLA, for twelve (12) workweeks of leave from her position at Electrolizing because her two children suffered from serious health conditions which required continuing treatment by a health care provider.

39. Mr. Richards and Electrolizing refused to place Ms. Bonilla on medical leave.

40. By its conduct described herein, the Defendants violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

41. Defendants' acts were not made in good faith and, therefore, Defendants are liable for liquidated damages pursuant to 29 U.S.C. § 2917(a)(1)(A)(iii).

42. Ms. Bonilla has been harmed thereby.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Enid Bonilla prays for the following relief:

a) Permanently enjoin the Defendants from violating Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.* and from violating the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*

b) Award compensatory damages for her loss of wages and benefits;

c) Award liquidated damages, pursuant to 29 U.S.C. 2917(a)(1)(A)(iii), in an amount equal to her loss of wages and benefits plus the interest calculated at the prevailing rate;

d) Award pain and suffering damages;

e) Award punitive damages, pursuant to 42 U.S.C. § 2000e *et seq.* in an amount sufficient to punish the Defendants and to deter such unlawful actions in the future;

f) Award attorneys' fees, costs, and interest at the prevailing rate.

g) Award such other and further relief as this Court deems just and proper.

Enid Bonilla
By Her Attorney,

Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all issues so triable.

Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

Dated: August 31, 2007