**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,<br><br>Defendants. | : | C.A. No. 07-331S |

**ANSWER OF ELECTROLIZING, INC.,**
**ALAN GODIN AND DAVE RICHARDS**

Electrolizing, Inc., Alan Godin and Dave Richards as and for their Answer to the Complaint of Enid Bonilla, respond as follows:

**Response as to "The Parties"**

1. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Defendants admit the allegations set forth in paragraph 2.

3. In response to paragraph 3, Defendants state that they are without knowledge and information sufficient to form a belief as to what "times" are relevant to Plaintiffs allegations and admit that Alan Godin is an employee of Electrolizing, Inc.

4. In response to paragraph 4, Defendants state that they are without knowledge and information sufficient to form a belief as to what "times" are relevant to Plaintiffs allegations and admit that Dave Richards is a former employee of Electrolizing, Inc.

**Response as to "Jurisdiction"**

5. Defendants admit the allegations set forth in paragraph 5.

**Response as to "Administrative Procedures"**

6. Defendants admit the allegations set forth in paragraph 6.

**Response as to "Statement of Facts"**

7. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Defendants admit that Ms. Bonilla began working at Electrolizing on March 30, 2004. Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit that Ms. Bonilla worked at Electrolizing in the Shipping and Receiving Department and deny the remaining allegations set forth in paragraph 9.

10. Defendants deny the allegations set forth in paragraph 10.

11. Defendants deny the allegations set forth in paragraph 11.

12. Defendants deny the allegations set forth in paragraph 12.

13. Defendants deny the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14.

15. Defendants deny the allegations set forth in paragraph 15.

16. Defendants deny the allegations set forth in paragraph 16.

17. Defendants deny the allegations set forth in paragraph 17.

18. Defendants deny the allegations set forth in paragraph 18.

19. Defendants deny the allegations set forth in paragraph 19.

20. Defendants deny the allegations set forth in paragraph 20.

21. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Defendants admit that Ms. Bonilla requested and received permission to leave work early on February 8, 2006 and are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in the paragraph.

23. Defendants admit that Ms. Bonilla worked on February 9 and 10, 2006 Defendants are without knowledge and information necessary to form a belief as to the truth of the remaining allegations set forth in the paragraph.

24. Defendants admit that Electrolizing terminated Ms. Bonilla's employment on February 10, 2006 and deny the remaining allegations set forth in the paragraph.

25. Defendants admit the allegations set forth in paragraph 25.

26. In response to paragraph 26, Defendants admit that, after nearly ten months of investigation, neither the Rhode Island Commission for Human Rights nor the United Stated Equal Employment Opportunity Commission made a finding of probable cause or brought a Complaint of Discrimination against the Defendants and Plaintiff was forced to request a Right to Sue Letter. Defendants deny the remaining allegations set forth in paragraph 26.

27. Defendants admit that Ms. Bonilla has attached to her Complaint a copy of a document that purports to be a Notice of Right To Sue (Issued On Request). Defendants are without knowledge and information necessary to form a belief as to the truth of the remaining allegations set forth in paragraph 27.

**Response as to "Count I (Violation of**
**Title VII of the Civil Rights Act of 1965 - Discrimination)"**

28. Defendants repeat each of their responses to paragraphs 1 through 27 as though fully set forth herein.

29. Defendants deny the allegations set forth in paragraph 29.

30. Defendants deny the allegations set forth in paragraph 30.

**Response as to "Count I (Violation of**
**Title VII of the Civil Rights Act of 1965 - Retaliation)"**

31. Defendants repeat each of their responses to paragraphs 1 through 30 as though fully set forth herein.

32. Defendants deny the allegations set forth in paragraph 32.

33. Defendants deny the allegations set forth in paragraph 33.

**Response as to "Count I (Violation of the Family Medical Leave Act)"**

34. Defendants repeat each of their responses to paragraphs 1 through 33 as though fully set forth herein.

35. Defendants deny the allegations set forth in paragraph 35.

36. Defendants admit the allegations set forth in paragraph 36.

37. Defendants admit the allegations set forth in paragraph 37.

38. Defendants deny the allegations set forth in paragraph 38.

39. Defendants deny the allegations set forth in paragraph 39.

40. Defendants deny the allegations set forth in paragraph 40.

41. Defendants deny the allegations set forth in paragraph 41.

42. Defendants deny the allegations set forth in paragraph 42.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are limited by her failure to mitigate her damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Title VII claim is barred, in whole or in part, by the statute of limitations.

**WHEREFORE**, Defendants request that the Court:

1. Enter judgment in favor of Defendants on all of Plaintiff's claims;

2. Award Defendants their costs, and attorneys' fees;

3. Grant such other relief as the Court deems just and proper.

Dated: Providence, Rhode Island
September 19, 2007

ELECTROLIZING, INC., ALAN GODIN
and DAVE RICHARDS,

By their attorneys

/s/ *Geoffrey W. Millsom*
Geoffrey W. Millsom (#6483)
Jaime LaPorte (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com
jlaporte@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2007, a copy of the foregoing Answer Of Electrolizing, Inc., Alan Godin and Dave Richards was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Geoffrey W. Millsom*

*428233_1.doc*