**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA, Plaintiff | : | |
| v. | : | C.A. No. 07-331S |
| ELECTROLIZING, INC., ALAN GODIN, alias, DAVE RICHARDS, alias, and any and all defendants, Defendants | : | |

**PLAINTIFF'S RULE 16 MEMORANDUM**

Now comes Enid Bonilla, the Plaintiff in the above-captioned matter, by and through her attorney, and sets for this Memorandum pursuant to Rule 16(a) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Ms. Bonilla is an Hispanic woman, a native of Puerto Rico, and the mother of two minor children.

On March 30, 2004, Ms. Bonilla began working for Electrolizing, Inc. ("Electrolizing") in the Shipping and Receiving Department of its Providence, Rhode Island facility where her primary responsibilities consisted of packing and sealing boxes in preparation for shipping the company's products.

Ms. Bonilla worked in the Shipping Department with a Caucasian, male worker named Alan Godin. During the course of Ms. Bonilla's employment, Mr. Godin subjected her repeatedly to sexist and racist comments - often in front of the company's Plant Manager, Dave Richards.

Ms. Bonilla complained to Mr. Richards about Mr. Godin on numerous occasions. However, Mr. Richards either ignored or dismissed out of hand each of Ms. Bonilla's complaints.

Upon information and belief, Electrolizing never conducted an investigation pursuant to Ms. Bonilla's request, nor did it ever provide Ms. Bonilla with a written disposition of an investigation, nor did it ever reprimand Mr. Godin for his unlawful conduct.

On February 8, 2006, Mr. Bonilla's two children became afflicted with Scarlet Fever and required emergency medical treatment. Accordingly, Ms. Bonilla requested and received permission to leave work at 9:30 AM for the rest of the day to be with her severely ill children in the hospital. Ms. Bonilla worked regular hours on February 9, 2006 and on February 10, 2006 even though her children were still severely ill with Scarlet Fever.

At the close of business on February 10, 2006, Mr. Richards terminated Ms. Bonilla's employment, stating: "I'm letting you go . . . so you can go and take care of your kids."

On December 6, 2006, Ms. Bonilla filed a Charge of Discrimination against the Defendants in the Rhode Island Commission for Human Rights ("RICHR") (RICHR NO. 07 EAO 131-06/06) and in the United States Equal Employment Opportunity Commission ("EEOC") (EECO NO. 16J-2007-00093) for: (1) discrimination on the basis of her sex, race, color, and ancestral origin; and (2) retaliation for filing complaints with the company about Mr. Godin.

On May 29, 2007, Ms. Bonilla requested from RICHR and EEOC a Right to Sue Letter.

On June 6, 2007, the EEOC issued to Ms. Bonilla a Right to Sue Letter.

On August 31, 2007, Ms. Bonilla filed a complaint against the Defendants with this Honorable Court for violations of the Civil Rights Acts of 1964, 42 U.S.C. § 2000 *et seq.* and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

## ARGUMENT

### I. Standard of Law

### A. Civil Rights Acts of 1964, 42 U.S.C. § 2000 *et seq.*

Section 2000e-2(a), "Employer practices," states in pertinent part:

It shall be an unlawful employment practice for an employer—

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42. U.S.C. § 2000e-2(a) (2007).

Section 2000e-3(a), "Other unlawful employment practices," states, in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . .

42. U.S.C. § 2000e-3(a) (2007).

### B. Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

**1. Section 2614, "Employment and benefits protection," states in pertinent part:**

> [A]ny eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave--
>
> (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
>
> (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

29 U.S.C. § 2614 (2007).

**2. Section 2617, "Enforcement," states, in pertinent part:**

> Any employer who violates section 2615 of this title shall be liable to any eligible employee affected--
>
> (A) for damages equal to--
>
> (i) the amount of--
>
> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation . . .
>
> (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and
>
> (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii)…
>
> (3) Fees and costs
>
> The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.

29 U.S.C. § 2617 (2007).

## II. Discussion

Ms. Bonilla's co-worker, Alan Godin, subjected her to a hostile work environment on the basis of her sex, race, color, and ancestral origin. Ms. Bonilla complained to her supervisor about Mr. Godin's unlawful conduct on numerous occasions. However, no remedial action was ever taken pursuant to Ms. Bonilla's complaints. Eventually, Ms. Bonilla was terminated, which she claims was, in part, in retaliation for her complaints about Mr. Godin.

Moreover, Ms. Bonilla was terminated within days of taking time off from work to tend to her seriously ill children in the hospital. At the time, Ms. Bonilla was eligible for leave under the FMLA and therefore, Electrolizing, Inc. was legally obligated to hold her position open for up to twelve (12) weeks.

## CONCLUSION

The Defendants have violated Plaintiff's rights under the above-referenced statutes, thereby causing her to suffer severe financial and emotional harm.

Enid Bonilla
By Her Attorney,

/s/Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

**CERTIFICATION**

I hereby certify that on this **26th** day of **October**, 20**07**, I electronically filed this Rule 16 Memorandum with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

**Richard R. Beretta**
ADLER POLLOCK &SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
rberetta@apslaw.com

**Geoffrey W. Millsom**
ADLER POLLOCK &SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
gmillsom@apslaw.com

**Jaime J. Laporte**
ADLER POLLOCK &SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
jlaporte@asplaw.com

/s/Mark P. Gagliardi