**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff | : | |
| v. | : | C.A. No. 07-331S |
| ELECTROLIZING, INC.,<br>ALAN GODIN, *alias*,<br>DAVE RICHARDS, *alias*, and<br>any and all defendants,<br>Defendants | : | |

## AMENDED COMPLAINT

This is a claim by Plaintiff Enid Bonilla against her former employer, Electrolizing, Inc. and its employees Alan Godin and Dave Richards, for: (1) violation of the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*; (2) discrimination on the basis of her sex, race, color and ancestral origin; and (3) retaliation.

## The Parties

1. Plaintiff Enid Bonilla is a resident of the State of Rhode Island.

2. Defendant Electrolizing, Inc. ("Electrolizing") operates a manufacturing facility located at 10-20 Houghton Street, Providence, Rhode Island.

3. Defendant Alan Godin, at all relevant times, was employed by Electrolizing in a supervisory capacity over Ms. Bonilla.

4. Defendant Dave Richards, at all relevant times, was employed by Electrolizing in a supervisory capacity over Ms. Bonilla.

## Jurisdiction

5. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and 29 U.S.C. § 2601 *et seq.*

## Administrative Procedures

6. Prior to instituting this suit, Plaintiff filed a Charge of Discrimination against the Defendants in the Rhode Island Commission for Human Rights (RICHR NO. 07 EAO 131-06/06) and in the United States Equal Employment Opportunity Commission (EECO NO. 16J-2007-00093).

**Statement of Facts**

7. Ms. Bonilla is an Hispanic woman, a native of Puerto Rico, and the mother of two minor children.

8. On March 30, 2004, Ms. Bonilla began working for Electrolizing at the Providence Facility in the Shipping and Receiving Department where her primary responsibilities consisted of packing and sealing boxes in preparation for shipping the company's products.

9. Ms. Bonilla worked in the Shipping Department with a Caucasian, male worker named Alan Godin.

10. During the course of Ms. Bonilla's employment, Mr. Godin subjected her repeatedly to sexist and racist comments – often in front of their supervisor, Dave Richards.

11. When Mr. Godin thought Ms. Bonilla was working too slowly, he said to her: "I told [Electrolizing] not to hire women . . . you shouldn't be working here . . . all you women do is talk . . . I don't know why they keep sending me women . . ."

12. On many other occasions, Mr. Godin made derogatory remarks about Ms. Bonilla's race and ancestral origin, stating: "You people come [to the United States] and get all the benefits . . . If I had my way, none of you people would be here . . . you should all go back to your country!"

13. Mr. Godin routinely disparaged Latin "Salsa" music in front of Ms. Bonilla, stating: "I'm sick of <u>you</u> people and <u>your</u> music!"

14. Mr. Godin berated Ms. Bonilla for speaking during work hours, but only when she spoke Spanish with Hispanic co-workers and not when she spoke English with Caucasian co-workers.

15. Mr. Godin never complained when American workers conversed in English during work hours.

16. Ms. Bonilla grew tired of Mr. Godin's racist and sexist comments, so she complained to Electrolizing's Plant Manager, Dave Richards, about Mr. Godin on numerous occasions.

17. Mr. Richards either ignored or dismissed out of hand each of Ms. Bonilla's complaints stating: "You haven't been here long enough to have the right to complain about anything!"

18. Eventually, Ms. Bonilla threatened to quit her job unless Mr. Richards relocated her to a different department away from Mr. Godin.

19. Ms. Bonilla also requested that the company conduct a formal investigation of her complaints and that Mr. Richards provide her with a written disposition of the investigation pursuant to R.I. Gen. Laws § 28-5-7(1)(v) (2006).

20. Upon information and belief, Electrolizing never conducted an investigation pursuant to Ms. Bonilla's request, nor did it ever provide Ms. Bonilla with a written disposition of an investigation, nor did it ever reprimand Mr. Godin for his unlawful conduct.

21. On February 8, 2006, Mr. Bonilla's two children became afflicted with Scarlet Fever and required emergency medical treatment.

22. Accordingly, Ms. Bonilla requested and received permission to leave work at 9:30 AM for the rest of the day to be with her severely ill children in the hospital.

23. Ms. Bonilla worked regular hours on February 9, 2006 and on February 10, 2006 even though her children were still severely ill with Scarlet Fever.

24. At the close of business on February 10, 2006, Mr. Richards terminated Ms. Bonilla's employment, stating: "I'm letting you go . . . so you can go and take care of your kids."

25. On December 6, 2006, Ms. Bonilla filed a Charge of Discrimination against the Defendants in the Rhode Island Commission for Human Rights ("RICHR") (RICHR NO. 07 EAO 131-06/06), which was filed simultaneously in the United States Equal Employment Opportunity Commission ("EEOC") (EECO NO. 16J-2007-00093).

26. On May 29, 2007, Ms. Bonilla requested from RICHR and EEOC a Right to Sue Letter.

27. On June 6, 2007, the EEOC issued Ms. Bonilla a Right to Sue Letter, a copy of which is attached hereto as Exhibit "A."

28. On June 11, 2007, RICHR issued Ms. Bonilla a Right to Sue Letter, a copy of which is attached hereto as Exhibit "B."

**COUNT I**

**(Violation of Title VII of the Civil Rights Act of 1964 - Discrimination)**

29. Ms. Bonilla hereby incorporates by reference paragraphs 1-28 of this Amended Complaint.

30. By the foregoing acts and omissions, the Defendants have maliciously and recklessly violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by discriminating against Ms. Bonilla with respect to the terms, conditions, and privileges of her employment on the basis of her sex, race, color, and ancestral origin.

31. Ms. Bonilla has been harmed thereby.

**COUNT II**

**(Violation of Title VII of the Civil Rights Act of 1964 – Retaliation)**

32. Ms. Bonilla hereby incorporates by reference paragraphs 1-31 of this Amended Complaint.

33. By the foregoing acts and omissions, Defendants have maliciously and recklessly violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by retaliating against Ms. Bonilla for her exercising of rights under Title VII of the Civil Rights Act of 1964.

34. Ms. Bonilla has been harmed thereby.

**COUNT III**

**(Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*: Discrimination)**

35. Ms. Bonilla hereby restates and incorporates by reference paragraphs 1-34 of this Amended Complaint.

36. By the foregoing acts and omissions, the Defendants have maliciously and callously violated the R.I. Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*, as amended, by discriminating against Ms. Bonilla with respect to the terms, conditions, and privileges of employment on the basis of her sex, race, color, and ancestral origin

37. Ms. Bonilla has been harmed thereby.

**COUNT IV**

**(Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*: Retaliation)**

38. Ms. Bonilla hereby incorporates by reference paragraphs 1-37 of this Amended Complaint.

39. By the foregoing acts and omissions, Defendants have maliciously and callously violated the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*, by retaliating against Ms. Bonilla for her exercising of rights under the Rhode Island Fair Employment Practices Act.

40. Ms. Bonilla has been harmed thereby.

**COUNT V**

**(Violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981)**

41. Ms. Bonilla hereby incorporates by reference paragraphs 1-40 of this Amended Complaint.

42. By its conduct described herein, the Defendants impermissibly interfered with Ms. Bonilla's right to make, perform, modify and terminate contractual and/or employment relationships and her enjoyment of all benefits, terms, and conditions of said contracts and relationships, resulting in harassment, disparate treatment, and retaliation on the basis of her sex, race, color, and ancestral origin.

43. By its conduct described herein, the Defendants have violated the Civil Rights Act of 1991.

44. Ms. Bonilla has been harmed thereby.

**COUNT VI**

**(Violation of the Family and Medical Leave Act "FMLA")**

45. Ms. Bonilla hereby incorporates by reference paragraphs 1-44 of this Amended Complaint.

46. Upon information and belief, Defendant Electrolizing employed fifty (50) or more employees during at least twenty (20) weeks of 2005 and, therefore, it was required to comply with the FMLA in 2006 by providing family and medical leave to all eligible employees.

47. Ms. Bonilla was eligible for family leave in February 2006 because: (1) she had been employed at Electrolizing for at least twelve (12) months; and (2) she had worked at least 1,250 hours during the previous twelve (12) months.

48. Under the FMLA, Ms. Bonilla was eligible for up to twelve (12) weeks of unpaid leave from her position at Electrolizing because her two children suffered from serious health conditions which required continuing treatment by a health care provider.

49. On or about February 8, 2006, Ms. Bonilla exercised her rights under the FMLA when she notified Mr. Richards that she was leaving work to take her children to the hospital.

50. Ms. Bonilla satisfied the notice requirements under the FMLA when she informed her employer two (2) days earlier that she may need time off because her children suffered from serious health conditions.

51. The provisions of the FMLA required the Defendants to notify Ms. Bonilla of her ineligibility for FMLA benefits soon after she put the company on notice that she may need time off from work to care for her seriously ill children.

52. On February 8, 2006, Mr. Richards terminated Ms. Bonilla's employment two (2) days after she exercised her rights under the FMLA.

53. By its conduct described herein, the Defendants violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* by retaliating against Ms. Bonilla for her exercising of rights under the FMLA.

54. Defendants' acts were not made in good faith and, therefore, Defendants are liable for liquidated damages pursuant to 29 U.S.C. § 2917(a)(1)(A)(iii).

55. Ms. Bonilla has been harmed thereby.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Enid Bonilla prays for the following relief:

a) Permanently enjoin the Defendants from violating all of the above-referenced statutes;

b) Award compensatory damages for her loss of wages and benefits;

c) Award liquidated damages, pursuant to 29 U.S.C. 2917(a)(1)(A)(iii), in an amount equal to her loss of wages and benefits plus the interest calculated at the prevailing rate;

d) Award pain and suffering damages;

e) Award punitive damages in an amount sufficient to punish the Defendants and to deter such unlawful actions in the future;

f) Award attorneys' fees, costs, and interest at the prevailing rate.

g) Award such other and further relief as this Court deems just and proper.

Enid Bonilla
By Her Attorney,

/s/Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all issues so triable.

/s/Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

**CERTIFICATION**

I hereby certify that on this **21** st day of **March**, 20**08**, I filed electronically this Amended Complaint with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
gmillsom@apslaw.com

Jaime J. LaPorte, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
jlaporte@asplaw.com

Richard R. Beretta, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
rberetta@apslaw.com

/s/Mark P. Gagliardi

# Exhibit "A"

EEOC Form 161-B (3/98)

U. :QUAL EMPLOYMENT OPPORTUNITY CC ISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Enid Bonilla
44 Harvest Street
Providence, RI 02908

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16J-2007-00093 | Anne R. Giantonio, Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

JUN 6 2007

Robert L. Sanders,
Area Office Director

*(Date Mailed)*

Enclosures(s)

cc: ELECTROLIZING, INC.
20 Houghton Street
Providence, RI 02904

Mark p. Gagliardi, Esquire
420 Angell Street – 3rd Floor
Providence, Rhode Island 02906

# Exhibit "B"

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 07 EAO 131-06/06 EEOC NO. 16J-2007-00093

In the matter of

Enid Bonilla
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Electrolizing Inc., Alan Godin, and Dave Richards and any and all Defendants
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

6/11/07
Date

[signature]
Michael D. Évora
Executive Director

*******************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Mark P. Gagliardi, Esq.
Alan Godin
Dave Richards
Jaime J. Laporte, Esq.
Prentice-Hall Corporation System
Christopher Bejbl, President