**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff | : | |
| v. | : | C.A. No. 07-331S |
| ELECTROLIZING, INC.,<br>ALAN GODIN, *alias*,<br>DAVE RICHARDS, *alias*, and<br>any and all defendants,<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Enid Bonilla hereby moves this Honorable Court for leave to amend her complaint to add additional claims of discrimination against the above-captioned Defendants for violations of: (1) The Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1 *et. seq.*; and (2) The Civil Rights Act of 1991 ("Section 1981"), 42 U.S.C. § 1981.

## FACTS

Plaintiff Enid Bonilla was employed by Defendant Electrolizing, Inc. ("Electrolizing") from on or about March 30, 2004 (Compl. at ¶ 8) to February 10, 2006, the date of her termination. (*Id.* at ¶ 24).

During the course of Ms. Bonilla's employment, an Electrolizing employee named Alan Godin subjected her repeatedly to a hostile work environment on the basis of her sex (female), her race and color (Hispanic), and her ancestral origin (Puerto Rican). (*Id.* at ¶ 10). Ms. Bonilla complained about this unlawful conduct to Defendant Dave Richards, the company Plant Manager, on many occasions, but Mr. Richards either ignored or dismissed each of Ms. Bonilla's complaints. (*Id.* at ¶ 16-17).

On February 8, 2006, Ms. Bonilla requested and received permission to leave work early to take her seriously ill children to the hospital emergency room. (*Id.* at ¶ 21-22). Two days later, Mr. Richards terminated Ms. Bonilla's employment and told her, "I'm letting you can go . . . so you can go home and take care of your kids." (*Id.* at ¶ 24).

On December 6, 2006, Ms. Bonilla filed a Charge of Discrimination against the Defendants in the Rhode Island Commission for Human Rights ("RICHR") (RICHR NO. 07 EAO 131-06/06), which was filed simultaneously in the United States Equal Employment Opportunity Commission ("EEOC") (EECO NO. 16J-2007-00093). (*Id.* at ¶ 25).

On June 6, 2007, EEOC issued Ms. Bonilla a Right to Sue Letter. (*Id.* at ¶ 27).

On June 11, 2007, RICHR issued Ms. Bonilla a Right to Sue Letter. (*Id.* at ¶ 28).

On August 31, 2007, Ms. Bonilla filed this lawsuit alleging: (1) discrimination and retaliation in violation of Title VII and (2) violation of the FMLA.

**DISCUSSION**

**I. Standard of Law**

Rule 15(a) of the Federal Rules of Civil Procedure states in pertinent part:

> . . . a party may amend the party's pleading only by leave of court or by written consent of the adverse party; <u>and leave shall be freely given when justice so requires</u>."

Fed. R. Civ. P. 15(a)(2) (emphasis added).

**II. Differences From Original Pleading**

**A. <u>FEPA Claim</u>**

There is no cap on compensatory and punitive damages under FEPA, R.I. Gen. Laws § 28-5-29.1 (2008). In this matter, a $50,000.00 cap on compensatory and punitive damages applies to the Title VII claim because Defendant Electrolizing employs more than fourteen (14) and fewer than 100 people. 42 U.S.C. § 1981a(a)(1) (2008).

**B. Section 1981 Claim**

The statute of limitations under Section 1981 is three (3) years, *Boyd v. R.I. Dept. of Corrections*, 160 F.Supp.2d 213, 219 (D.R.I. 2001), while the statute of limitations under Title VII is 300 days. 42 U.S.C. § 2000e-5(1) (2008). As such, Plaintiff's Section 1981 claim will allow her to seek redress for some of the Defendants' unlawful conduct that may be time-barred under her Title VII claim.

**C. Retaliation Claim Under FMLA**

Plaintiff's original pleading did not allege clearly that Defendants retaliated against her for taking or attempting to take family leave. In the absence of an FMLA retaliation claim, Defendants could argue that Plaintiff's damages for lost wages are restricted to only twelve (12) weeks, the time allowed for leave under the FMLA. 29 U.S.C. § 2617(a)(1)(A)(II) (2008).

**D. Defendant Alan Godin as Supervisor**

Plaintiff's original pleading incorrectly characterized Defendant Alan Godin as a co-worker when it is alleged that he acted in a supervisory capacity over the Plaintiff and, therefore, if proven, Defendant Electrolizing may be strictly liable for Mr. Godin's harassment of the Plaintiff. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

**III. The Need for an Amended Complaint**

It is essential that leave be given to Plaintiff in this matter as these additional claims would enable Plaintiff to avail herself of a less cumbersome statute of limitations period (i.e., three years versus 300 days), while also not restricting her to a "ceiling" when seeking compensatory and punitive damages (i.e., unlimited v. $50,000). Moreover, Plaintiff has not engaged in "undue delay" or "bad faith" and does not possess a "dilatory motive" for seeking to amend her complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, Plaintiff should be allowed "the opportunity to test her claim on the merits." *Id.*

Enid Bonilla
By Her Attorney,

/s/Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

**CERTIFICATION**

I hereby certify that on this **21** st day of **March**, 20**08**, I filed electronically this Memorandum with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
gmillsom@apslaw.com

Jaime J. LaPorte, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
jlaporte@asplaw.com

Richard R. Beretta, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
rberetta@apslaw.com

/s/Mark P. Gagliardi