**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-331S |

**DEFENDANTS ELECTROLIZING, INC., ALAN GODIN AND DAVID RICHARDS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants Electrolizing, Inc., Alan Godin, and Dave Richards submit this memorandum in opposition to Plaintiff's Motion for Leave to Amend Complaint.

## INTRODUCTION

This is a case that arises out of the termination of plaintiff's employment. Since the outset of the litigation, Plaintiff's legal theories have been muddled and unclear. Plaintiff alleges in her original Complaint that she worked with another employee who demonstrated an aversion to women and Hispanics. She does not, however, claim that this situation rose to the level of a hostile work environment that caused her to quit work. Rather, she claims discrimination on the basis of some sort of "assumption" that her termination was related to her co-worker's allegedly inappropriate comments. In light of Defendants' unassailable documentary evidence showing that Plaintiff was fired for excessive absenteeism and consistently failed to work a full 40 hour week, this "assumption" is unfounded.

Similarly, Plaintiff alleged in her original Complaint that Defendants violated the FMLA by firing her after she took time off to be with her child, which doesn't make sense in the first instance because Plaintiff was given the time off to be with her children, which is what the FMLA requires. Moreover, her employer, Electrolyzing, Inc, employs less that 50 people and falls outside the scope of the FMLA. As with Plaintiff's discrimination claim, both logic and discovery have severely undermined the FMLA claim.

Finally, Plaintiff's original Complaint alleged a retaliation claim under Title VII, which – unlike her other claims – makes sense, but stands a minimal chance of success in light of overwhelming evidence that Plaintiff never complained to her supervisor or to her employer regarding her co-worker's alleged comments.

Now – virtually at the close of discovery – Plaintiff seeks to amend her Complaint. First, she wants to add Rhode Island Fair Employment Practices Act ("FEPA") claims that are duplicative of her Title VII claims – admittedly to avoid the $50,000 statutory cap (even though her alleged back-pay damages are under $12,000 and well within the cap). Second she seeks to bring a new discrimination claim under 42 U.S.C. § 1981 to avoid some unidentified statute of limitations problem. Third, she seeks to salvage her FMLA claim by re-characterizing it as a retaliation-based claim, rather than straightforward violation claim. Last, Plaintiff seeks to include an allegation that one of the Defendants was her supervisor – as opposed to a co-worker – despite virtually undisputed evidence to the contrary.

Regardless of whether Plaintiff's proposed claims have merit (which will be addressed, if necessary, in Defendants' Motion for Summary Judgment), these proposed

claims are untimely and would prejudice the defendants by requiring additional discovery and forcing them to change tactics and strategy at the last minute.

**ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings before the start of trial. Subsection (2) of that rule dictates that a party seeking to amend its complaint more than twenty days after filing the original complaint may do so only with the consent of the opposing party or after obtaining leave from the court. *See* Fed. R. Civ. Proc. 15(a)(2). The final sentence of that subsection guides courts in determining whether to grant leave for such amendments: "The court should freely give leave *when justice so requires*." *Id.* (emphasis added).

The direction to freely grant leave is not meant to command judges to provide a rubber stamp to motions to amend, but rather the decision whether to allow an amendment lies with in the court's sound discretion. *See Todisco v. Verizon Comm., Inc.*, 497 F.3d 95, 98 (1st Cir. 2007) ("When a district court denies a motion for leave to amend the complaint, our review is for abuse of discretion."); *Resolution Tr. Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) ("We review denials of leave to amend under Rule 15 for abuse of discretion, deferring to the district court for any adequate reason apparent from the record.").

Motions to amend shall be denied if they are untimely or serve no useful purpose. *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). When a significant period of time has passed between the time of the original filing and the time when leave is sought to amend, the burden is on the moving party to provide a valid reason for the delay. *Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979).

Similarly, if the amendment would cause undue prejudice to the opposing party, it should be denied. *Colmenares Vivas v. Sun Alliance Ins. Co.*, 807 F.2d 1102, 1108 (1st Cir. 1986).

**I. <u>The Proposed Amendment Is Untimely And Prejudicial</u>**

Plaintiff asserts no newly discovered facts in her proposed amended complaint, but rather argues that she should be permitted to amend so that she may take advantage of a longer statute of limitations period and uncapped damages. Notably, Bonilla waited nearly until the close of discovery – a deadline that has already been extended sixty days (at her request) – to bring the proposed amendments. Requests for leave to amend "call[] into play the pertinent balance of equitable considerations." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1121 (1st Cir. 1989) (quoting *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989)). In this case, Plaintiff brought suit under a federal statute that capped her damages at $50,000. Now, her only asserted reason for seeking to add the FEPA claims is to take advantage of the uncapped state statute governing employment discrimination. Plaintiff also seeks to change her theory of recovery under the FMLA to avoid a potential limitation on damages. Equitable interests dictate that the Plaintiff cannot lull the Defendants into preparation for a lawsuit with a finite maximum value, and then, much later in the game, spring new claims with unlimited potential liability, when the Plaintiff was aware of the right to bring the additional claims from the outset of the litigation.

There is well-established precedent in the First Circuit for denying motions to amend made after or near the close of discovery. In *Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 52 (1st Cir. 1998), the First Circuit upheld the district

court's denial of a motion to amend when the motion came near the conclusion of discovery and the plaintiff did not provide an excuse for the delay in bringing the amendment. In that case, the plaintiff sought leave to file a second amended complaint in order to add an additional defendant nearly a year after it had filed its first amended complaint. *Id.* Nearly six months earlier, the plaintiff had indicated that it would seek to file a second amended complaint to add that defendant, but did not do so. *Id.* When it affirmed the District Court's decision to deny leave, the First Circuit noted that to allow the amendment would require the reopening of discovery, as well as a postponement of the trial. *Id.* The court also explained that the likely need to alter trial strategy and tactics supported denying leave to amend. *Id.* The court further reasoned that the Plaintiff was "master of his complaint" and should have added the additional defendant much earlier. *Id.* Finally, the court rejected the plaintiff's argument that it should be free to amend because the additional defendant was likely liable, holding:

> Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts. Acosta has offered no valid reason for not adding Tropitone as a defendant either initially or more promptly after the initial complaint was filed.

*Id.*

Similarly, in *Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4-5 (1st Cir. 1983), the First Circuit determined that a delayed motion to amend was prejudicial to the defendant even if it would not have required additional discovery because it changed the nature of the case. In *Tiernan*, the plaintiff sought leave to amend after the close of discovery and shortly before trial to add additional claims based on substantially the same facts as the existing claims. *Id.* at 4. The plaintiff did not offer an excuse for delay, but

merely argued that leave to amend should be granted because no new discovery should be needed. *Id.* Because the proposed amended claims "may well have affected defendants' planned trial strategy and tactics," the First Circuit held that denying the motion for leave to amend was proper. *Id.* at 4-5.

Here, just as in both *Acosta-Mestre* and *Tiernan*, the causes of action sought to be newly introduced into this litigation at this late juncture should have been just as apparent to the Plaintiff at the outset of this suit as they are now. No new factual pleadings have been made in connection with the new causes of action. In fact, Plaintiff candidly admits her purpose in moving to amend is to skirt a potential statute of limitations problem and to increase the amount of damages that are available. This reason cannot be availing in light of the First Circuit's admonition that leave to amend should not be granted to excuse a "lack of diligence." *See Acosta- Mestre*, 156 F.3d at 52.

Even if Bonilla's proposed amendments would not require further discovery – and it is Defendants' position that they would[1] – they certainly demand a change in trial strategy such that Defendants are prejudiced by the untimeliness of these proposed amendments. *See Tiernan*, 719 F.2d at 4-5. Plaintiff does not even attempt to carry her burden by explaining her delay in bringing these new causes of action of which she was obviously aware since the onset of litigation. *See Acosta-Mestre*, 156 F.3d at 52; *Hayes*, 602 F.2d at 19-20. The only colorable explanation for the delay is a strategic decision to hide some of Plaintiff's theories from Defendants. This reason does not constitute "good cause" for the amendments, and still results in palpable prejudice to the Defendants. Accordingly, this Court should deny Plainiff's motion for leave to amend.

---

[1] Apparently, this is a position that Plaintiff will not dispute, because she has just requested an additional extension of the discovery period in this case – a request to which Defendants object and will oppose.

**CONCLUSION**

For the reasons set forth in this memorandum of law, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Amend Complaint.

ELECTROLIZING, INC., ALAN GODIN
and DAVID RICHARDS,

By their attorneys,

*/s/ Geoffrey W. Millsom*

Richard R. Beretta (#4313)
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Memorandum in Opposition to Motion for Leave to Amend Complaint through the ECF system on the 7th day of April, 2008, and that notice will be sent electronically to the all counsel who are identified on the Mailing Information for Case No. 07-331S.

*/s/ Geoffrey W. Millsom*_________

*450318_1.doc*