**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA, Plaintiff, | : | |
| v. | : | C.A. No. 07-331S |
| ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS, Defendants. | : | |

**DEFENDANTS ELECTROLIZING, INC., ALAN GODIN AND DAVID RICHARDS' MEMORANDUM IN OPPOSITION TO MOTION TO EXTEND DISCOVERY DEADLINE**

Defendants Electrolizing, Inc., Alan Godin, and Dave Richards submit this memorandum in opposition to Plaintiff's Motion to Extend Discovery Deadline.

## INTRODUCTION

This is a simple, straightforward, single-plaintiff employment case with a minimal amount in controversy in which Plaintiff has spent six months and a considerable amount of time and effort conducting discovery. An extension of the discovery period at this point is entirely unwarranted and unnecessary. It would seriously prejudice plaintiffs by increasing the cost of this litigation and driving up what is far and away the most significant component of plaintiff's claim for damages – her legal fees. As plaintiff's own lack of colorable arguments in favor of the extension makes clear, increasing her legal fees (and thereby her damages) is the only substantive benefit she will realize from the extension – and it is not sufficient to warrant that the Court grant her motion.

**TRAVEL OF THE CASE**

Plaintiff's Complaint was filed on August 31, 2007, alleging that Defendants had violated Title VII by discriminating and retaliating against her on the basis of her race, sex and place of ancestral origin and violated the Family Medical Leave Act ("FMLA"). Due to the simplicity and size of this case, the Court, at the Rule 16 Conference, set 4 months for discovery. The Court also waived the requirement that Defendants seek leave to file for summary judgment, presumably because it was apparent that some or all of Plaintiff's claims were likely to be the subject of a motion challenging their legal viability.

The parties exchanged written discovery in November and December 2007 and defendants began noticing depositions in January 2008. Plaintiff was unable to respond to Defendants written discovery requests in a timely fashion and first produced discovery on February 29, 2007 – the original discovery closure deadline. This delay required Plaintiff to request (and Defendant to agree to) a 60 day extension of the discovery deadline until April 30, 2008. Plaintiff began taking depositions in April.

On March 21, 2008, Plaintiff moved to amend her Complaint to assert new legal claims and to recharacterize one of her existing claims. On March 31, 2008, Plaintiff moved to compel the production of documents that – for the most part – Defendants had either produced or which do not exist. On April 4, 2008, Plaintiff filed the current motion to extend the discovery deadlines for a second time.

## **LEGAL STANDARD**

The decision whether to extend a discovery deadline lies within the sound discretion of the District Court. *Pilgrim v. Trustees of Tufts College*, 118 F.2d 864, 869 (1st Cir. 1997) ("We will overturn a court's denial of a motion to extend discovery only for abuse of discretion."). If the court sees "little fruitful prospect" from an extension of the discovery deadline, it is within its discretion to deny the extension. *King v. Greenblatt*, 149 F.3d 9, 21 (1st Cir. 1998). A failure to properly perform discovery in the first instance is not an excuse warranting an extension of the discovery deadline to cure the defects in the initial attempts at discovery. *United States v. Sayer*, 450 F.3d 82, 89-90 (1st Cir. 2006).

## **ARGUMENT**

### **PLAINTIFF'S REQUEST FOR AN EXTENSION OF THE DISCOVERY PERIOD SHOULD BE DENIED**

Plaintiff's request for a second extension of the discovery deadline in this case should be denied for two reasons. First, plaintiff already has had more than enough time to conduct discovery, has enthusiastically availed herself of that opportunity and – even now – has more than enough time to complete the discovery she claims to require. Second, Plaintiff has failed to articulate any colorable reason for her claimed extension.

### **A. Plaintiff Already Has Conducted Significant Discovery**

Plaintiff's attorney recently informed Defendants that he has billed 191 hours to this case in which the Plaintiff seeks back pay damages of less than $13,000 and a similarly modest amount of front pay (Plaintiff earned $12.75 per hour). As a result of this information, it has become clear that the largest component of claimed damages sought by Plaintiff at trial is likely to be her legal fees. This is particularly true in light

of the fact that she just retained a second lawyer to assist with this simple case. The amount of effort that plaintiff has already put into this case and the amount of discovery she has already conducted clearly weighs against granting Plaintiff's request for extension.

Plaintiff served Defendants with written discovery, and Defendants provided that written discovery in December of 2007. More than three months after receiving Defendants responses to her discovery requests. Plaintiff filed motions to compel additional written discovery, and most of the few requests still at issue stem from the fact that Plaintiff simply does not believe that no additional responsive documents or information exist. Additionally, Plaintiff has deposed two of the three Defendants and indicated that she does not wish to depose the third. To the extent that she intends to take additional depositions, she has plenty of time to accomplish that prior to the expiration of the discovery period (not to mention that she has had plenty of time to conduct these depositions over the past six months).

If discovery is extended Plaintiff can be expected to continue to accrue legal fees at her current pace and, more likely, to double it, now that she has two lawyers. One hundred ninety one hours over the course of six months of discovery equates to a rate of more than 30 hours per lawyer, per month and projects to an additional 120 hours over the course of her requested 60 day extension. At even a modest hourly rate, this addition to her damages constitutes real prejudice to the Defendants and demands a compelling justification from Plaintiff for the extension, which has not been forthcoming.

The fact remains that she has spent 191 hours in pursuit of her claims and that is more than enough time to conduct discovery in a simple, single plaintiff employment

case. She may now feel that perhaps some of that time may have been better spent pursuing alternate theories of different aspects of discovery, but this sort of tactical second-guessing is exactly what the First Circuit held is not a valid basis for an extension (particularly a second extension) of the discovery deadlines. *Sayer*, 450 F.3d at 89-90.

### B. Plaintiff's Reasons For The Claimed Extension Are Unavailing

None of the reasons advanced by Plaintiff in support of her motion justify the requested extension. She seeks more time on the basis of: (1) her pending motions for leave to amend her Complaint and to compel, (2) the need for the discovery sought to be compelled, (3) a need to subpoena Defendant Electrolizing's "out-of-state" business records, and (4) the need to depose unnamed, newly discovered witnesses.

Her pending motion for leave to amend seeks only to add duplicative claims to those pled in the original complaint – claims under the Rhode Island Fair Employment Practices Act, which are the state law counterparts to her Title VII claims in the original complaint, a redundant discrimination claim under Civil Rights Act of 2001, 42 U.S.C. §1981, and to recharacterize her FMLA claim as a retaliation claim. As an initial matter, all the defects present in the claims made in the original complaint attach to the new claims in the proposed amended complaint as well. No amount of additional discovery is going to fix that. Moreover, for the most part these new claims rise or fall either on the same facts as those in the original Complaint or facts she has discovered in the course of the six months and 191 hours of discovery she has conducted thus far. To now claim that she needs discovery in order to support these newly minted claims would beg the question of whether there was a valid factual basis for those claims in the first instance.

Similarly, Plaintiff's argument that the information sought in the motions to compel is vital to her case has no bearing on the need to extend the discovery period. First, Plaintiff received Defendants' answers to her discovery requests in December of 2007. Yet, she did not move to compel until March 31, 2008. To the extent that her motions to compel now run up against the discovery deadline, it is due only to her own inaction, as she waited more than three months pursue her motion to compel, and Defendants should not be made to submit to further delay of the litigation due only to Plaintiff's inaction.

Second, even if this court was to determine – and we argue that it should not – that Plaintiff is entitled to discovery sought in those motions to compel, Defendants will be required to provide the requested discovery, regardless of whether the discovery deadline has passed. If that discovery justifies additional depositions of previously unforeseeable witnesses, the fact that the discovery deadline has passed will not preclude those follow-up depositions. Thus, a pending motion to compel does not in this case – nor does it ever – provide a need for an extension of discovery deadlines.

Bonilla's argument that she needs time to subpoena Electrolizing's out-of-state business records presumably relies on the inaccurate assumption that Electrolizing has out-of-state documents that were responsive to her earlier requests, but withheld based on some sort of geographic considerations. This is simply wrong. Defendants have produced all responsive documents in their possession, custody or control, wherever located – as they must. Moreover, there is no legal reason a subpoena would be likely to

have a greater impact on Electrolizing than a document request. It is, after all, a party to this litigation.[1]

A similar lack of detail and explanation afflicts the suggestion Plaintiff has recently discovered new witnesses that she needs to depose. Bonilla provides no information as to who these witnesses are or how she became aware of them. Nor does she explain why she did not previously discover the identities of these unnamed individuals or depose them at some point in the last six months. It is important to note that we are left only to guess, because – even though she has brought a motion to extend the discovery deadline partially as a result of these potential witnesses – Plaintiff has not yet noticed the depositions of any of these "mystery witnesses." Presumably, they are employees who worked alongside Plaintiff at Electrolizing that she only recently decided she wants to depose. Electrolizing is located in Rhode Island – as are its employees. As Plaintiff has learned in the course of discovery, depositions of any Electrolizing employees can be arranged in a matter of days, if not hours.

All Plaintiffs claimed justifications for the extension suggest a rethinking of previous tactical decisions, similar to those that were held by the First Circuit not to justify an extension in *Sayer*. In *Sayer*, *pro se* defendants conducted initial discovery and requested certain documents from the government. *Sayer*, 450 F.3d at 88-89. The government provided responses that, although responsive to the requests, were limited and confusing. *Id.* The defendants then obtained counsel and sought an extension of the discovery deadline in order to seek more complete information. *Id.* at 89. The court

[1] Plaintiff's assumption to the contrary is consistent with her conduct of discovery in this case (*i.e.*, she subpoenas parties) and it may explain why she (erroneously) thinks she needs additional discovery.

declined the request and refused to save the defendants from the errors that occurred as a result of their own choices. *Id.* at 90. So too should this Court.

In light of the Court's previous extension of the discovery deadline, the six months and 191 hours of legal time during which Plaintiff has already pursued her claims and the lack of a compelling justification for the extension, discovery should close as scheduled on April 30, 2008 and this case should proceed to summary judgment and trial without further delay.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Extend Discovery Deadline should be denied in its entirety.

Dated: Providence, Rhode Island
April 11, 2008

ELECTROLIZING, INC., ALAN GODIN
and DAVID RICHARDS,

By their attorneys,

*/s/ Adam M. Ramos*

Richard R. Beretta (#4313)
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
aramos@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Memorandum in Opposition to Extend Discovery Deadline through the ECF system on the 11th day of April, 2008, and that notice will be sent electronically to the all counsel who are identified on the Mailing Information for Case No. 07-331S.

*/s/ Adam M. Ramos*

*451042_1.doc*