**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff | : | |
| v. | : | C.A. No. 07-331S |
| ELECTROLIZING, INC.,<br>ALAN GODIN, *alias*,<br>DAVE RICHARDS, *alias*, and<br>any and all defendants,<br>Defendants | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO EXTEND DISCOVERY DEADLINE AND OTHER DATES SET FORTH IN PRETRIAL ORDER DATED JANUARY 11, 2008.**

Pursuant to Rule 7 of the Local Rules of the United States District Court for the District of Rhode Island, Plaintiff Enid Bonilla hereby submits this reply memorandum in response to Defendants' Opposition to Plaintiff's Motion to Extend Discovery Deadline and Other Dates Set Forth in Pretrial Order Dated January 11, 2008.

For the reasons discussed below, Plaintiff's motion should be granted.

## I. Defendants' Version of the Travel of This Case Is Inaccurate.

Whether done mistakenly or deliberately, the Defendants have mischaracterized the travel of this case.

### A. The Court's Waiver of the Requirement That Defendants Seek Leave to File for Summary Judgment Applies Only to Plaintiff's Claim Under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq*.

It is true that the Court did waive the requirement that Defendants seek leave to file for summary judgment. However, this waiver occurred in a narrow context - in connection with Plaintiff's FMLA claim. Indeed, at the Rule 16 Scheduling Conference, opposing counsel argued that Defendant Electrolizing only employed forty-six workers during the relevant time period and, therefore, it was not required to comply with the FMLA. Furthermore, opposing counsel stated that the Defendant's payroll records would clearly show this, implying that this issue was "cut and dry." It was at this point that Judge Smith, based on opposing counsel's tacit assurance, directed Defendants to produce the relevant payroll records without the need for Plaintiff's formal request,[1] the implication being that if this issue were as straightforward as opposing counsel portrayed it to be, the matter could be disposed of expeditiously. However, the number of employees Electrolizing employed in 2005 is hardly

[1] Plaintiff is still waiting for the Defendants to produce all of the payroll records pursuant to Judge Smith's directive and Plaintiff's formal request.

a "black and white" issue in this case. Moreover, Defendants' assertion that this waiver argument applies to the rest of Plaintiff's claims – discrimination claims that opposing counsel admittedly classifies as "he said, she said" – is untrue.

**B. The January 10, 2008 Motion to Extend Deadline Was Not a Result of Plaintiff's Failure to Respond to Discovery Timely.**

On December 11, 2007, a Settlement Conference was held before Magistrate Judge Lovegreen. At this point, both parties had served upon each other written discovery requests, but responses had yet been produced as they were not yet due. At this point, the parties were worlds apart regarding their assessment of the merits of Plaintiff's claims. It was at this time, that both parties agreed that a settlement conference would be unfruitful. Accordingly, Magistrate Judge Lovegreen recommended a continuance of the settlement conference to April 8, 2008. As a result, the parties entered with the court a joint motion to extend the deadlines in this matter until after April 8, 2008 for the purpose of conducting discovery in order to properly assess the strengths and weaknesses of their respective positions. The fact that Plaintiff proposed the extension of time is of little relevance. Indeed, it is not uncommon for a plaintiff to seek additional time to prove her claims since the burden of proof lies with her, as opposed to a

defendant, who has a natural incentive to expedite the litigation to obstruct Plaintiff from proving her claims.

## II. Plaintiff Discovered the Identities of Several New Witnesses During Pedro Roman's Deposition on March 11, 2008.

On March 11, 2008, the Defendants took the deposition of Pedro Roman, a former Electrolizing employee and co-worker of Plaintiff. Mr. Roman testified that five of his former co-workers told him that Defendant Alan Godin, the alleged harasser in this matter, dislikes Hispanics. Mr. Roman testified further that several of these workers complained about Mr. Godin to Dave Richards, the company's Operations Manager. This was the first time that Plaintiff obtained this information, presumably because Mr. Roman's recollection of the names of many of his former co-workers was refreshed upon viewing payroll records at his deposition. Plaintiff desires to depose all of these witnesses, but since some or all of them are still employed by Defendant, Plaintiff needs the cooperation of Defendants, which to date, has been less than accommodating in this regard.

**III. Plaintiff's Attorneys' Fees and Increased Litigation Costs**

On the one hand, Defendants accuse Plaintiff of inaction and delay. On the other hand, Defendants accuse Plaintiff of running up her legal tab. Defendants cannot have it both ways. It is clear that Defendants have misjudged the merits of this case as well as the tenacity of the Plaintiff and her attorneys, which are the primary reasons for their increased litigation costs. Moreover, Defendants have refused to avail themselves of several opportunities to settle this matter by failing to make any meaningful settlement offers to the Plaintiff. For the Defendants to now blame the Plaintiff and her attorneys for their current situation is shameful.

Enid Bonilla
By Her Attorney,

/s/Mark P. Gagliardi (#6819)
LAW OFFICE of MARK P. GAGLIARDI
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

**CERTIFICATION**

I hereby certify that on this **16**th day of **April**, 20**08**, I filed electronically this document with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

Brandon S. Bell, Esq.
MCOSKER & BELL, LLC
120 Wayland Avenue
Providence, RI 02906
bbellesq@aol.com

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
gmillsom@apslaw.com

Adam M. Ramos, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
aramos@apslaw.com

Jaime J. LaPorte, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
jlaporte@asplaw.com

Richard R. Beretta, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
rberetta@apslaw.com

/s/Mark P. Gagliardi