**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ENID BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,<br><br>Defendants. | C.A. No. 07-331S |

**DEFENDANTS' EMERGENCY MOTION**
**TO QUASH PLAINTIFF'S SUBPOENA TO ADP, INC.**

Pursuant to Rules 26 and 45(c)(3) of the Federal Rules of Civil Procedure, Defendants Electrolizing, Inc., Alan Godin and David Richards move to quash the Subpoena issued on April 23, 2008 by counsel for Plaintiff and directed to ADP, Inc. The facts and arguments upon which this motion is based are set forth in the accompanying Memorandum of Law.

Dated: Providence, Rhode Island
April 25, 2008

*/s/ Geoffrey W. Millsom*
Richard R. Beretta (#4313)
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ENID BONILLA,

Plaintiff,

v.

ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,

Defendants.

C.A. No. 07-331S

**DFEENDANTS' MEMORANDUM IN SUPPORT OF**
**EMERGENCY MOTION TO QUASH PLAINTIFF'S SUBPEONA TO ADP, INC.**

Defendants, Electrolizing, Inc., Alan Godin and Dave Richards submit this memorandum in support of their Emergency Motion to Quash Plaintiff's Subpoena to ADP, Inc., returnable on May 5, 2008 (the "ADP Subpoena").[1] A copy of the ADP Subpoena is attached as Exhibit 1.

**INTRODUCTION**

This is a garden-variety employment discrimination case in which the Plaintiff claims backpay of less than $13,000 and a similarly modest amount of front pay. Nevertheless, Plaintiff has expended endless hours – more than 191 attorney hours as of earlier this month – conducting largely irrelevant discovery in search of evidence that might give rise to liability against her former employer for discrimination or retaliation under either the Family Medical Leave Act ("FMLA") or Title VII. In the ADP Subpoena, Plaintiff seeks Defendant Electrolizing's payroll records for an eight year

[1] The quick return date of the subpoena compared to the length of time allowed under the Federal Rules of Civil Procedure for responding to a motion requires Defendants to style this as an "emergency" motion and to seek expedited resolution of the issues presented herein.

period beginning in 1997 – a full seven years before Plaintiff would become employed at Electrolizing – to 2005. (Plaintiff was employed from March 30, 2004 to February 10, 2006 and already has been provided with Electrolizing's payroll records from January 10, 2005 to March 3, 2006.) There is no legitimate basis for her request, and if the ADP Subpoena is not quashed, the Plaintiff will continue to grope in the dark for evidence that she hopes exists and continue to pile up exorbitant and unnecessary attorney's fees.

A significant amount, if not the overwhelming majority, of Plaintiff's discovery in this case to date has been directed at the question of whether Electrolizing employed a sufficient number of people to bring it within the scope of the FMLA. The FMLA applies to any employer who employed 50 or more workers for 20 weeks in the current or preceding calendar year. 28 U.S.C. § 2611(4)(A)(i). The payroll records produced in the case to date, along with employee hire and fire dates, indisputably reveal that Electrolizing did not have a sufficient number of employees during the relevant time period to trigger FMLA coverage, which sounds the death knell of Plaintiff's FMLA claim.

With her best claim (relatively speaking) dead in the water, Plaintiff has been forced to get creative in order to continue pursuing a theory of recovery under the FMLA. To this end, Plaintiff has begun to pursue two alternate arguments that she claims are furthered by the ADP Subpoena. First, Plaintiff claims that Electrolizing's owner should be counted as an "employee," rather than the "employer" as provided by federal law, because he was present at the work site every day and (she believes) previously was paid on the regular payroll when it was prepared by ADP. Because Electrolizing's owner no

longer appears on the payroll, Plaintiff contends that Electrolizing may have deliberately altered its workforce from greater than 50 employees to fewer than 50 employees explicitly in order to avoid the requirements of the FMLA and that this deliberate action may somehow justify the application of the FMLA even though Electrolizing does not meet the statutory minimum number of employees. Second, Plaintiff seeks to prove that Electrolizing has, in the past, granted employees family or medical leave (whether under the FMLA or otherwise) for pregnancy and other reasons, and by virtue of this fact, is now estopped from denying subsequent employees leave under the FMLA. Neither of these arguments is supported by a shred of legal authority and both run contrary to the express language of the FMLA. Thus, they cannot support Plaintiff's requests for the clearly irrelevant information that is responsive to the ADP Subpoena.

## ARGUMENT

### I. PLAINTIFF SHOULD NOT BE PERMITTED TO TAKE DISCOVERY AFTER THE CUT-OFF DATE

The most obvious ground for quashing the ADP Subpoena is that it seeks discovery after the discovery cut-off date of April 30, 2008. There is no reason, let alone a good reason, why the Plaintiff could not have issued the ADP Subpoena sooner. Electrolizing produced its payroll records for the relevant time period months ago, and Plaintiff never even requested records for additional dates. She simply served the ADP Subpoena at the close of discovery and made it returnable after the cut-off date. Plaintiff's willful delay is not a valid basis for disregarding this Court's Scheduling Order.

## II. THE ADPSUBPOENA SEEKS CLEARLY IRRELEVANT DOCUMENTS

Rule 26 limits discovery to matters relevant to the pending litigation. *See* Rule Fed. R. Civ. P. 26. Accordingly, a district court may quash a subpoena that seeks clearly irrelevant material. *See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter*, 197 F.3d 922, 926 (8th Cir. 1999); *see also Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir 2003) ("Among the appropriate factors for consideration by the trial court [in deciding a motion to quash] are the following: whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case."); Wright & Miller, *Federal Practice and Procedure*, § 2459 (2008) ("[A] subpoena may be quashed if it calls for clearly irrelevant matter"). In this case, the requested documents are clearly irrelevant, and good cause exists for quashing the ADP Subpoena.

Documents reflecting Electrolizing's payroll for seven years prior to Plaintiff's employment are simply not relevant to this case. Plaintiff's theories of relevance are unavailing. She cannot trigger FMLA coverage based on the historical size of Electrolizing's workforce. The FMLA clearly defines how coverage is triggered: the company must employ 50 or more employees. *See* 28 U.S.C. § 2611(4)(A)(i). The statute further expressly and unambiguously defines the relevant time period for counting employees in order to determine whether the FMLA applies "the current or preceding calendar year." 28 U.S.C. § 2611(4)(A)(i). There is no other way to trigger FMLA coverage.

Plaintiff cannot place Electrolizing under the FMLA umbrella by converting Electrolizing's owner from the "employer" to an "employee" – and, even if she could, the previously produced payroll records would suffice to determine whether his inclusion brings Electrolizing over the 50 employee threshold. Nor can Plaintiff trigger FMLA coverage by estoppel. Stated otherwise, an employer does not impose the duties of the FMLA upon itself merely because employees in previous years were granted medical or family leave. Unless a company employed 50 employees in the current or preceding year, the FMLA does not apply - without exception. Thus, the justifications that Plaintiff advances for the ADP Subpoena do not render Electrolizing's historical ADP, Inc. payroll relevant. These documents simply have no bearing on the issues in this case.

Moreover, permitting Plaintiff to pursue this line of discovery will significantly prejudice Defendants by providing yet another avenue for Plaintiff to fish through Electrolizing's business in a vain attempt to gin up some way around the very clear fact that Electrolizing employed less than 50 employees during the relevant time period. Plaintiff has already brought a motion to again extend the discovery period. The ADP Subpoena exemplifies the sort of discovery she will pursue if she is granted the additional time (60 days) she requests in that motion. As such, it demonstrates not only why Plaintiff's motion for an extension of the discovery period should be denied, but also, the substantial likelihood that permitting the ADP Subpoena to be enforced will result in additional pointless, time consuming, and expensive discovery. Undoubtedly, upon receipt of the ADP records, Plaintiff will seek to notice additional depositions of long-since departed Electrolizing witnesses who never knew the Plaintiff and have no information relevant to her claims. This Court should act to prevent that eventuality by

nipping the problem in the bud and quashing the ADP Subpoena.

## CONCLUSION

For all the foregoing reasons, Defendants request that Plaintiff's Subpoena to ADP, Inc. be quashed.

Dated: Providence, Rhode Island
April 25, 2008

ELECTROLIZING, INC., ALAN
GODIN and DAVID RICHARDS,
By their attorneys,

*/s/ Adam M. Ramos*
Richard R. Beretta (#4313)
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
aramos@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Defendants' Emergency Motion To Quash Plaintiff's Subpoena To ADP, Inc. through the ECF system on the 25th day of April, 2008, and that notice will be sent electronically to the all counsel who are identified on the Mailing Information for Case No. 07-331S.

*/s/ Adam M. Ramos*

*452412_1.doc*