UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ENID BONILLA, :
Plaintiff, :
:
v. : CA 07-331 S
:
ELECTROLIZING, INC., :
ALAN GODIN, alias, :
DAVE RICHARDS, alias, and :
any and all defendants, :
Defendants. :

**MEMORANDUM AND ORDER**
**DENYING IN PART AND GRANTING IN PART**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (Document ("Doc.") #16) ("Motion for Leave" or "Motion"). A hearing was conducted on April 28, 2008. For the reasons stated herein, the Motion for Leave is denied in part and granted in part.

**Law**

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleadings once as a matter of course before a responsive pleading is served. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998)(quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)); see also Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) ("Consent to file amended pleadings 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), unless the amendment

would be futile or reward undue delay.")(quoting prior version of Fed. R. Civ. P. 15(a)).

**Discussion**

By the Motion, Plaintiff seeks to add additional claims of discrimination against Defendants Electrolizing, Inc., Alan Godin, and Dave Richards ("Defendants") for violations of: 1) the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-1-5 et seq., and 2) the Civil Rights Act of 1991, specifically 42 U.S.C. § 1981. See Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint ("Plaintiff's Mem.") at 1. With respect to FEPA, Plaintiff seeks to add a count alleging discrimination in violation of the statute (proposed Count III) and a count alleging that Defendants retaliated against Plaintiff for exercising her rights under FEPA (proposed Count IV). See Proposed Amended Complaint ¶¶ 35-40. The Motion also seeks to re-characterize Plaintiff's Family and Medical Leave Act ("FMLA") claim (Count III) as a retaliation-based claim and to correct the description of Defendant Alan Godin ("Godin") by alleging that he acted in a supervisory capacity over Plaintiff (and was not just a co-worker as suggested in the original Complaint). See Plaintiff's Mem. at 4.

Plaintiff offers the following explanation for the sought amendments. She wishes to add the first claim because "[t]here is no cap on compensatory and punitive damages under FEPA, R.I. Gen. Laws § 25-5-29.1[1] (2008)," id. at 3, while a $50,000.00 cap

[1] R.I. Gen. Laws § 28-5-29.1 provides:

> In addition to the remedies provided in § 28-5-24, where the challenged conduct is shown to be motivated by malice or ill will or when the action involves reckless or callous indifference to the statutorily protected rights of others, the court may award punitive damages; provided, that punitive damages shall not be available against the state or its political subdivisions.

on compensatory and punitive damages applies to her existing Title VII claim because Defendant Electrolizing, Inc. ("Electrolizing"), employs more than fourteen but fewer than 101 employees, see id.; see also 42 U.S.C. § 1981a(b)(3).[2] As to the second claim, Plaintiff states that the statute of limitations under 42 U.S.C. § 1981 is three years while the statute of limitations under Title VII is 300 days. See Plaintiff's Mem. at 4. Thus, adding a Section 1981 claim would allow Plaintiff to seek redress for some of Defendants' alleged unlawful conduct that may be time barred under her Title VII claim. See id. With regard to amending her FMLA claim, Plaintiff states that she did not clearly allege in her Complaint that Defendants retaliated against her for taking or attempting to take family leave and that she wishes to clarify this. See id. As for the change in the description of Godin, Plaintiff states that her original pleading "incorrectly characterized ... Godin as a co-worker when it is alleged that he acted in a supervisory capacity over the Plaintiff ...." Id.

Plaintiff filed this action on August 31, 2007. See Docket.

---

R.I. Gen. Laws § 28-5-29.1 (2003 Reenactment).

[2] 42 U.S.C. § 1981a(b)(3) provides in relevant part:

> (3) Limitations
>
> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party–
>
> (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
> ....

42 U.S.C. § 1981a(b)(3).

Fact discovery was originally scheduled to be completed by February 29, 2008, see Pretrial Order (Doc. #8), but was extended sixty days to April 30, 2008, as a result of a joint motion by the parties which the Court granted, see Docket. Plaintiff filed the instant Motion to Amend on March 21, 2008.

In opposition to the Motion, Defendants argue:

> In this case, Plaintiff brought suit under a federal statute that capped her damages at $50,000. Now, her only asserted reason for seeking to add the FEPA claims is to take advantage of the uncapped state statute governing employment discrimination. Plaintiff also seeks to change her theory of recovery under FMLA to avoid a potential limitation on damages. **Equitable interests dictate that the Plaintiff cannot lull the Defendants into preparation for a lawsuit with a finite maximum value, and then, much later in the game, spring new claims with unlimited potential liability, when the Plaintiff was aware of the right to bring the additional claims from the outset of the litigation.**

Defendants Electrolizing, Inc., Alan Godin and David Richards' Memorandum in Opposition to Motion for Leave to Amend Complaint ("Defendants' Mem.") at 4 (bold added). The Court agrees in large measure with Defendants. See Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1121 (1st Cir. 1989)(explaining that leave to amend calls into play "the pertinent balance of equitable considerations")(quoting Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989)).

In an attempt to negate Defendants' contention that they will be prejudiced if the Motion is granted, Plaintiff argues that Defendants cannot claim to be surprised by the addition of the FEPA claim because she "has been threatening to seek relief under FEPA for almost two years and is now following through on her promises." Plaintiff's Reply Memorandum to Defendants' Opposition to Motion for Leave to Amend Complaint (Doc. #24) ("Plaintiff's Reply") at 3. In support of this argument,

Plaintiff cites the fact that her June 29, 2006, pre-litigation demand for settlement advised Defendants that their conduct was a potential violation of FEPA. See Plaintiff's Reply at 2; see also id., Ex. A (Letter from Gagliardi to Bejbl of 6/29/06) at 5. Plaintiff additionally cites the December 6, 2006, charge which she filed with the Rhode Island Commission for Human Rights and specifically the affidavit which she filed in support of that charge. See Plaintiff's Reply at 3; see also id., Ex. B (Affidavit of Enid Bonilla in Support of Complainant's Charge of Discrimination) ¶ 33. In the affidavit Plaintiff asserts her belief that Defendants' conduct violated both the FEPA and the Civil Rights Act of 1964, Title VII. See Plaintiff's Reply, Ex. B ¶¶ 31-33.

This argument, however, proves too much. Plaintiff does not explain why she waited until almost the end of the discovery period (which had already been extended) to assert this long-promised claim. Such failure weighs against granting the Motion. See Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 53 (1st Cir. 1998)(affirming denial of motion to amend complaint where plaintiff offered no valid reason for not adding party as a defendant either initially or more promptly after the initial complaint was filed); Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979)(stating that "where ... a considerable period of time has passed between the filing of the complaint and the motion to amend,[3] courts have

[3] Here the Complaint was filed on August 31, 2007, and the instant Motion was filed on March 21, 2008, a period of almost seven months. See Docket. Plaintiff points out that this is less than the fifteen months in Acosta-Mestre v. Hilton International of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998). See Plaintiff's Reply at 7. However, this Court originally allocated four months for discovery, see Pretrial Order, and later extended that period by sixty days, see Docket. In assessing Plaintiff's delay, the Court considers not just the number of months involved but also when the Motion was filed relative to litigation milestones which the Court had

placed the burden upon the movant to show some valid reason for his neglect and delay")(internal quotation marks omitted); see also Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006)(explaining that "[w]hen a proffered amendment comes too late ... the district court need not allow it"). The reasonable inference to be drawn from Plaintiff's failure to include a FEPA claim in her original Complaint (after "threatening" to do so for almost two years) is that she decided not to pursue it. Contrary to Plaintiff's suggestion, it is not reasonable to infer from the omission of the FEPA claim that Plaintiff would later "follow[] through on her promises." Plaintiff's Reply at 3. Thus, Defendants' claim that Plaintiff "lulled" them into believing that they were dealing with a lawsuit which had a finite maximum value is not without some persuasive force. Moreover, Defendants' suggestion at the hearing that the time and resources which they have committed in the defense of this action has been commensurate with their potential maximum exposure of $50,000 seems entirely reasonable to the Court.

Plaintiff additionally argues that Defendants cannot claim that they are prejudiced by the additional claims because the legal analysis for a claim under Title VII is the same for a FEPA claim and a Section 1981 claim. See Plaintiff's Reply at 4; id. at 4 n.2 (citing, *inter alia*, Marley v. United Parcel Servs., Inc., 665 F.Supp. 119, 128 (D.R.I. 1987)); id. at 4 n.3 (citing Lowery v. Circuit City Stores, Inc., 206 F.3d 431, 440-41 (4th Cir. 2000)). In an effort seemingly to minimize the significance of the additional claims, Plaintiff states that "[t]he only substantive differences among these claims applicable to this matter are differing lengths in statutes of limitations and

---

established. Using those milestones as a gauge, the Motion was filed late in the litigation process.

differing amounts of compensatory and punitive damages." Plaintiff's Mem. at 4. However, these differences are by no means inconsequential.

Defendants, relying on Title VII's strict 300 day statute of limitations, may have chosen during Plaintiff's deposition (and in other discovery) not to delve deeply into matters which appeared to them to be safely outside the relevant time period. Although Plaintiff argues that Defendants have already deposed her and asserts that they asked all the relevant questions in support of all possible defenses, see Plaintiff's Mem. at 5, the deposition is only 101 pages in length. The Court is unconvinced that Defendants would not have deposed her at greater length if the potential damages in the case were unlimited. Defendants state that further discovery would be required, see Defendants' Mem. at 6, and their contention seems reasonable.

Plaintiff also avers that if she had asserted a FEPA claim, a Section 1981 claim, and a FMLA retaliation claim in her original complaint, "Mrs. Bonilla's deposition would have consisted undeniably of all the same questions and responses." Plaintiff's Reply at 6. The Court is not so persuaded. While the topics covered may have been the same, Defendants may well have framed or phrased some questions differently if they were aware that a longer statute of limitations was involved or that their potential exposure from the lawsuit could exceed $50,000. Relatedly, any tactical advantages which Defendants may have attained as a result of Plaintiff's deposition responses may be negated by an expansion of the statute of limitations period. As for expansion of Plaintiff's claim for damages, the Court has already noted the potential prejudice to Defendants flowing from such an amendment this late in the litigation.

**Conclusion**

In summary, Plaintiff has not provided a satisfactory

explanation for her delay in bringing the instant Motion. See Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d at 53 ("Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts."). The proposed amended pleading would expand the scope of this lawsuit late in the proceedings by encompassing matters outside the applicable statute of limitations and by subjecting Defendants to potentially unlimited damages. Defendants reasonably relied upon the allegations contained in Plaintiff's Complaint and will be prejudiced if Plaintiff is allowed to add the claims. **Accordingly, to the extent that Plaintiff seeks to add claims under FEPA and 42 U.S.C. § 1981, the Motion is denied.**

**To the extent that Plaintiff seeks to re-characterize her FMLA claim as a retaliation based claim and to correct the description of Godin, the Motion is granted.** The Court concludes that any prejudice to Defendants as a result of such changes will be minimal. See Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983)(stating that courts may not deny an amendment solely because of delay without consideration of the prejudice to the opposing party).

Accordingly, as stated above, the Motion is denied in part and granted in part. Plaintiff is directed to file an Amended Complaint which is consistent with the rulings contained in this Memorandum and Order within fourteen days of the date of this order.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 2, 2008