UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC.,<br>ALAN GODIN, alias,<br>DAVE RICHARDS, alias, and<br>any and all defendants,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 07-331 S |

**ORDER**
**RE PLAINTIFF'S MOTIONS TO COMPEL**

Before the Court are two motions filed by Plaintiff Enid Bonilla ("Plaintiff"): 1) Plaintiff's Motion to Compel Further Responses to Interrogatories (Document ("Doc.") #17) ("Motion to Compel Further Answers"); and 2) Plaintiff's Motion to Compel Responses to Requests for Production of Documents (Doc. #18) ("Motion to Compel Further Responses") (collectively, the "Motions"). A hearing on the Motions was conducted on April 28, 2008.

Plaintiff's Motions fail to comply with Local Rule Cv 37(a) because they do not "state the interrogatory or request, the response made, if any, and the reasons why the movant maintains that the response is inadequate."[1] D.R.I. LR Cv 37(a). Although Plaintiff has attached exhibits to her memorandum which contain

---

[1] District of Rhode Island Local Rule 37(a) states:

> (a) Form. A motion to compel a response or further response to an interrogatory, request for production, or request for admission shall state the interrogatory or request, the response made, if any, and the reasons why the movant maintains that the response is inadequate. Motions to compel shall comply with the requirements of LR Cv 7.

D.R.I. LR Cv 37(a).

the interrogatories or requests and the responses made, see Memorandum in Support of Plaintiff's Motion to Compel Further Responses to Interrogatories and to Compel Responses to Requests for Production of Documents ("Plaintiff's Mem."), Exhibits A and B, the exhibits do not contain the reasons why Plaintiff maintains that the response is inadequate. As a result, the Court is forced to flip back and forth between the argument and the exhibits in assessing the adequacy of the responses as opposed to merely looking immediately above the argument. Plaintiff is cautioned that future filings must comply with the Local Rules.

After reading the memoranda submitted and listening to the arguments of counsel, the Court makes the following rulings regarding the Motions:

**Motion to Compel Further Answers**

**1. Interrogatory No. 14.** As to this interrogatory, the Motion to Compel Further Answers is granted to the extent that Defendant Electrolizing, Inc. ("Electrolizing"), shall provide the information specified below regarding any current or former employee who was allowed leave under the Family and Medical Leave Act ("FMLA") during the period January 1, 2003, through December 31, 2007. Electrolizing need not identify current or former employees who were granted leave, but not under the FMLA.

a. Name of employee;
b. Address;
c. Job title;
d. Employment status (full or part-time status);
e. Dates of leave taken;
f. Reason for the leave (e.g., employee's own illness, birth of a child to the employee, care for a seriously ill family member).

**2. Interrogatory No. 17.** As to this interrogatory, the Motion to Compel Further Answers is granted to the extent that Electrolizing shall provide the information sought for the period from January 1, 2003, through December 31, 2007.[2]

**Motion to Compel Further Responses**

**1. Request No. 1.** As to this request, the Motion to Compel Further Responses is DENIED. The Court is unpersuaded that the payroll records (and the hire and termination[3] dates) which Electrolizing has already provided to Plaintiff, see Defendants Electrolizing, Inc., Alan Godin and David Richards' Memorandum in Opposition to Motions to Compel (Doc. #28) ("Defendants' Mem.") at 7, are insufficient for her to determine the number of employees which Electrolizing had during the relevant time period.[4]

**2. Request Nos. 4 and 5.** As to these requests, the Motion to Compel Further Responses is granted to the extent that for the period August 1, 2005, through February 24, 2006, Electrolizing shall identify all independent contractors who provided services

---

[2] In granting this request, the Court is heavily influenced by the fact that it was represented at the hearing that Electrolizing has terminated very few persons. Thus, Electrolizing will not be overly burdened by having to respond to this interrogatory.

[3] At the April 28, 2008, hearing counsel for Defendants confirmed that even though Defendants' memorandum uses the term "fire," Defendants Electrolizing, Inc., Alan Godin and David Richards' Memorandum in Opposition to Motions to Compel (Doc. #28) ("Defendants' Mem.") at 7, the information provided to Plaintiff includes employees who voluntarily left employment, see Tape of 4/28/08 Hearing.

[4] Plaintiff's counsel argued at the hearing that the payroll records are not complete because they do not include the name of Chris Bejbl, Electrolizing's owner. In support of this argument, counsel read an excerpt of Mr. Bejbl's deposition testimony. The Court listened closely to the excerpt read and did not find that it was necessarily inconsistent with Electrolizing's position that it has produced payroll records for all employees during the relevant time period.

to Electrolizing which are the same as or similar to services provided by Electrolizing's employees and which could be provided by Electrolizing's employees if Electrolizing so chose.[5] As to such independent contractors, Electrolizing shall provide their names, the nature of the service provided, and the amount of compensation paid to each such independent contractor. If Electrolizing utilized independent contractors during this period for janitorial or security services, Electrolizing shall also provide the same information as to these contractors. However, Electrolizing is not required to provide the names of plumbers, electricians, heating and air conditioning repair personnel, and similar independent contractors.

**3. Request No. 7.** As to this request, the Motion to Compel Further Responses is granted to the extent that Electrolizing shall within forty-eight hours submit the complete personnel file of Alan Godin for an *in camera* review. Following that review, the Court will advise the parties what, if any, information (including the absence of information), is to be disclosed to Plaintiff.

To the extent that the Motions are not granted by the above rulings, they are denied. Electrolizing shall comply with the terms of this Order by May 16, 2008.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 2, 2008

[5] Thus, if Electrolizing utilizes independent contractors who work from their homes, their identities, the nature of the work performed, and the payments to them are to be disclosed.