**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ENID BONILLA,<br>Plaintiff,<br>v.<br>ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,<br>Defendants. | C.A. No. 07-331S |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR EMERGENCY MOTION TO QUASH SUBPOENA TO ADP, INC.**

Defendants submit this reply memorandum in further support of their Emergency[1] Motion To Quash Subpoena to ADP, Inc.

**ARGUMENT**

Plaintiff's opposition to the motion to quash is unavailing for several reasons. First, the issue was rendered moot by the Court's May 2, 2008 decision on Plaintiff's Motion for Extension of Time to Complete Discovery (Document # 33), which extended the discovery period in this case to May 31, 2008 "for the limited purpose of allowing Plaintiff to depose [Dave] Richards." The Order further stated that "No additional factual discovery may be conducted during this period without Defendants' consent." Defendants do not consent to the subpoena.

Second, Plaintiff's central argument in support of the enforcement of the subpoena has no legal basis and is contrary to both logic and common sense. Specifically, Plaintiff

[1] The parties and ADP, Inc. have agreed that the subpoena will not be returnable until after the Court's decision on the Motion to Quash. Accordingly, Defendants no longer seek expedited treatment of the motion.

argues that she should be entitled to discover payroll records for eight years prior to the relevant time period as defined by the Family and Medical Leave Act ("FMLA") because it may show that Electrolizing's owner previously was carried on the payroll, which, she claims, is relevant to whether Electrolizing's owner is actually an employee. She also argues that a deliberate decision by Electrolizing to remove its owner from the payroll would constitute such a sinister and bad faith act as to justify liquidated damages under the FMLA (although, she fails to offer any precedent for such a result).

Plaintiff's first contention suffers from a basic – and fatal – logical flaw: a person may not be both the employer and an employee. A determination as to which of the two designations applies to Electrolizing's owner is not dependent upon past (or even current) accounting and payroll practices. It is determined by myriad factors well developed under federal law, which Plaintiff either deliberately does not cite or has not yet discovered. *See, e.g.*, *Serapion v. Martinez*, 119 F.3d 982, 990 (1st Cir. 1997) ("the critical attributes of [employer] status involve three broad, overlapping categories: ownership, remuneration, and management."). The information sought by the subpoena bears on none of the relevant inquiries.

Moreover, the FMLA itself limits the relevant time period for counting employees to "the current or preceding calendar year" – in this case, 2005 and 2006. 29 U.S.C. § 2611(4)(A)(i). There are no provisions in the statute that provide a basis for considering employee counts for other years or to support Plaintiff's Oliver Stone-like theory that intentional acts by the employer to reduce the number of employees somehow triggers application of the otherwise inapplicable FMLA. Nor does there appear from Plaintiffs' brief to be any jurisprudential support. A determination as to whether the FMLA applies

is simple a dispassionate exercise in counting noses – and no amount of investigation, speculation or protestation by Plaintiff can make it otherwise.

Finally, plaintiff offers no actual evidence in support of her legally unsupported theories and arguments. She submits only the second-hand hearsay account of her counsel regarding information purportedly gleaned from conversations with a disgruntled former-employee of Electrolizing. This is far too slender a reed upon which to support setting aside the Court's decision on Plaintiff's Motion for Extension of Time to Complete Discovery and ordering the production of eight years of payroll records that have no bearing on the issues in this case. Indeed, in light of Plaintiff's knowledge that Electrolizing's owner draws his compensation from the corporate entity that holds his equity in Electrolizing and that the payroll of that corporate entity is prepared by the same payroll company that prepares Electrolizing's payroll, the alleged claim by a disgruntled ex-employee that Electrolizing's owner was paid regularly along with the other employees, may not even support a good faith belief that the information sought by the subpoena is relevant.

## CONCLUSION

For all the foregoing reasons, Defendants' Emergency Motion To Quash should be granted.

Dated: Providence, Rhode Island
May 13, 2008

ELECTROLIZING, INC., ALAN GODIN and DAVID RICHARDS,
By their attorneys,

*/s/ Geoffrey W. Millsom*

Richard R. Beretta (#4313)
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Defendants' Reply Memorandum In Further Support Of Their Emergency Motion To Quash Subpoena to ADP, Inc. through the ECF system on the 13th day of May, 2008, and that notice will be sent electronically to the all counsel who are identified on the Mailing Information for Case No. 07-331S.

*/s/ Geoffrey W. Millsom*

454268_1.doc