**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff | : | |
| v. | : | C.A. No. 07-331S |
| ELECTROLIZING, INC.,<br>ALAN GODIN, *alias*,<br>DAVE RICHARDS, *alias*, and<br>any and all defendants,<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO COMPEL TELEPHONIC DEPOSITION OF DEFENDANT DAVE RICHARDS**

Pursuant to Rule 30(b)(7) of the Federal Rules of Civil Procedure, Plaintiff Enid Bonilla hereby moves this Honorable Court to compel the telephonic deposition of Defendant Dave Richards.

For the reasons state herein, the Court should compel the telephonic deposition of Defendant Dave Richards.

## INTRODUCTION

This is suit by Plaintiff Enid Bonilla against her former employer, Electrolizing, and two of its employees, David Richards, and Alan Godin for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

On March 3, 2008, Plaintiff inquired of the Defendants the availability of several witnesses for the purpose of taking their depositions. These witnesses included Defendants Alan Godin and Dave Richards as well as Defendant Electrolizing's company representative, Christopher Bejbl (E-mail From Plaintiff's Counsel Mark P. Gagliardi, Esq. to Defendants' Counsel Geoffrey Millsom, Esq. and Jaime Laporte, Esq. of March 3, 2008, a copy of which is attached hereto as Exhibit "A.").

On or about March 14, 2008, approximately one and half months prior to the fact discovery deadline and almost seven months after Plaintiff filed this instant lawsuit, Defendants disclosed to the Plaintiff for the first time that Defendant Dave Richards works and resides out of state.

On March 20, 2008, Defendants responded to Plaintiff's request for available deposition dates for Messrs. Richards, Godin, and Bejbl by stating that they were considering their availability for the week of March 31, 2008 (E-mail From Defendants' Co-counsel Jaime Laporte to Plaintiff's Counsel Mark P. Gagliardi of March 20, 2008, a copy of which is attached hereto as Exhibit "B.").

On May 2, 2008, the Court extended the fact discovery deadline to May 31, 2008 for the limited purpose of deposing Mr. Richards.

On May 7, 2008, Defendants notified Plaintiff that Mr. Richards was available to be deposed in North Carolina, where he works and resides. Defendants offered Plaintiff the choice of traveling to North Carolina at her expense or reimbursing Mr. Richards for travel and lodging expense for coming to Rhode Island.

On May 14, 2008, Plaintiff requested the Defendants to stipulate to Mr. Richards's telephonic deposition due to Plaintiff's financial hardship, however, the Defendants declined.

## ARGUMENT

### I. STANDARD OF LAW

Rule 30(b)(7) of the Federal Rules of Civil Procedure states, in pertinent part, that "[t]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means." Fed.R.Civ.P. 30(b)(7).

The party opposing a telephonic deposition bears the burden of demonstrating good cause why the deposition should not be conducted by telephone. *See* James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE § 30.24 (3d ed. 1999) ("[L]eave to take a telephonic deposition should be liberally granted. The burden is on the party opposing the deposition to establish why it should not be conducted by telephone.")

### II. DISCUSSION

For the reasons state below, the Court should compel the telephonic deposition of Defendant Dave Richards. First, Mr. Richards's in-person deposition in the manner required by Defendants would cause Plaintiff to suffer a financial hardship. Second, Defendants cannot establish good cause why Mr. Richards's deposition should not be conducted by telephone. Third, Defendants failed to disclose to Plaintiff timely the

fact that Mr. Richards was unavailable to be deposed in Rhode Island.

**A. MR. RICHARDS'S IN PERSON DEPOSITION IN THE MANNER REQUIRED BY DEFENDANTS WOULD CAUSE PLAINTIFF TO SUFFER A FINANCIAL HARDSHIP.**

In this matter, Plaintiff has already incurred the expense of eight depositions, four by her and four by the Defendants. Defendants, at the eleventh hour, seek to force Plaintiff to bear the additional cost of paying for Mr. Richards's lodging and travel expenses when a more economical method of deposing Mr. Richards is available. Furthermore, Plaintiff earns approximately $25,000 per year. Thus, it is clear that the options presented by Defendants would cause plaintiff to suffer an unnecessary financial hardship.

**B. DEFENDANTS CANNOT ESTABLISH GOOD CAUSE WHY MR. RICHARDS'S DEPOSITION SHOULD NOT BE CONDUCTED BY TELEPHONE.**

The Defendants have not proffered <u>any</u> reason why they oppose a telephonic deposition, presumably because there is no legitimate basis for opposition other than to impede Plaintiff in her efforts to prove her claims. Mr. Richards is a defendant in this matter and, hence, a sympathetic witness for the defense. As such, there is no need for the Defendants to

examine Mr. Richards in person. Presumably, Defendants have already interviewed Mr. Richards and know the substance of what his testimony will be. Also, the Defendants have already had ample opportunity to meet with Mr. Richard in order to assess his effectiveness as a witness.

## C. DEFENDANTS FAILED TO DISCLOSE TO PLAINTIFF TIMELY THE FACT THAT MR. RICHARDS WAS UNAVAILABLE TO BE DEPOSED IN RHODE ISLAND.

The Defendants failed to disclose Defendant Dave Richards's address in its Rule 26 Initial Disclosures, leading to the reasonable inference that he resided in state along with the other defendants. Moreover, to the extent that Mr. Richards *did* reside in Rhode Island at the time of the Initial Disclosures, Defendants were required to supplement their discovery responses pursuant to Rule 26 of the Federal Rules of Civil Procedure when they became aware that Mr. Richards moved out of state.

Furthermore, Defendants implied that Mr. Richards would be available for a deposition in Rhode Island in e-mail correspondence with Plaintiff's counsel ("I am in the process of determining Chris Bejbl, Alan Godin and Dave Richards' (sic) availability for depositions during the week of March 31, 2008.") (Ex. "B."); ("I have not heard back from Dave Richards regarding his availability.") (E-mail From Defendants' Co-

counsel Jaime Laporte to Plaintiff's Counsel Mark P. Gagliardi of March 24, 2008, a copy of which is attached hereto as Exhibit "C."). None of these e-mails alludes to the fact that Mr. Richards works and resides out of state. Furthermore, there is no discussion of the need to travel out of state to depose Mr. Richards or the need for Plaintiff to compensate the deponent for his travel and lodging expenses. Indeed, it inconceivable that Defendants' counsel would schedule three depositions in one week with one deposition taking place in North Carolina. Therefore, these e-mails imply reasonably that Mr. Richards's deposition would take place in Rhode Island. Since the Defendants did not request the Plaintiff to bear Mr. Richards's travel and lodging expenses in these e-mails and this request only came within the last week, it implies that Defendants changed their position on bearing the cost of Mr. Richards's travel and lodging expenses and now wish to shift the burden to the Plaintiff.

**CONCLUSION**

For the forgoing reasons, Ms. Bonilla requests this Honorable Court to compel the telephonic deposition of Defendant Dave Richards.

Enid Bonilla
By Her Attorneys,

/s/Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

/s/Brandon S. Bell (#5871)
120 Wayland Avenue
Providence, RI 02906
(401) 272-6303
(401) 277-4163 (fax)
e-mail: bbellesq@aol.com

**CERTIFICATION**

I hereby certify that on this **23rd** day of **May**, 20**08**, I filed electronically this Memorandum with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

Adam M. Ramos, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
aramos@apslaw.com

Richard R. Beretta, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
rberetta@apslaw.com

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
gmillsom@apslaw.com

/s/Mark P. Gagliardi

# Exhibit "A"

**Mark P. Gagliardi, Esq.**

---

**From:** Mark P. Gagliardi, Esq. [mark@gagliardilaw.net]
**Sent:** Monday, March 03, 2008 4:50 PM
**To:** 'Millsom, Geoffrey'
**Subject:** RE: BONILLA v. ELECTROLIZING

**Tracking:** **Recipient** **Read**
'Millsom, Geoffrey' Read: 3/3/2008 5:19 PM

Thanks, Geoff.

Very truly yours,

Mark P. Gagliardi, Esq.
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
Cell: (401) 487-6666

-----Original Message-----
**From:** Millsom, Geoffrey [mailto:Gmillsom@apslaw.com]
**Sent:** Monday, March 03, 2008 4:34 PM
**To:** Mark P. Gagliardi, Esq.; LaPorte, Jaime
**Subject:** RE: BONILLA v. ELECTROLIZING

Your email is consistent with my recollection of our conversation. We will be in touch shortly to discuss the open issues and any objections we may have to Ms. Bonilla's discovery responses.

Geoff

-----Original Message-----
**From:** Mark P. Gagliardi, Esq. [mailto:mark@gagliardilaw.net]
**Sent:** Monday, March 03, 2008 4:17 PM
**To:** LaPorte, Jaime; Millsom, Geoffrey
**Subject:** BONILLA v. ELECTROLIZING

Dear Geoff & Jaime:

This e-mail will serve as a follow up to today's telephone conference where we discussed the following:

(1) Dates and times to depose the following Electrolizing employees (at their facility if possible): (a) Chris Bejbl; (b) Alan Godin; (c) Erisson Carrasco; (d) Angel Martinez; (e) Angel Ruiz;
(2) Dates and times to depose Defendant Dave Richards;

<u>You agreed to produce/provide the following info w/o a formal request:</u>
(1) The name/title of the person employed at Electrolizing who's in charge of compiling/maintaining the payroll;

(2) All payroll records from 1/1/05 to 3/3/06, which include every person listed on the payroll whether or not they received a paycheck. *See* 29 CFR § 825.105(b) (i.e., The original request only sought payroll records from 8/1/05 to the date of Plaintiff's termination);

(3) The names of any current of former employees who've filed suit against any of the defendants for race discrimination, sex discrimination and for violation of the FMLA

Areas of disagreement:

(1) all docs pertaining to subcontractors utilized by the company;
(2) Alan Godin's complete personnel file;
(3) All terminated employees who were fired for attendance issues

Please inform me immeditaely if I've ommitted something or if you would like to add/discuss anything else.

Very truly yours,

Mark P. Gagliardi, Esq.
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
Cell: (401) 487-6666

# Exhibit "B"

**Mark P. Gagliardi, Esq.**

---

**From:** LaPorte, Jaime [JLaPorte@apslaw.com]

**Sent:** Thursday, March 20, 2008 3:19 PM

**To:** Mark P. Gagliardi, Esq.

**Cc:** Millsom, Geoffrey

**Subject:** Enid Bonilla v. Electrolizing, Inc. et al.

Dear Mark:

Attached are the additional payroll records you requested. Please note that I am still waiting for the payroll record for the first week of January 2005. I will forward that to you as soon as I receive it from the client. Also, you requested the name of the employee responsible for payroll. Michele Carroccio was responsible for payroll during the time that Enid Bonilla was employed at Electrolizing. In addition, please note that no current or former employee has filed suit against Electrolizing for race discrimination, sex discrimination or for a violation of the FMLA in the last 10 years.

I am in the process of determining Chris Bejbl, Alan Godin and Dave Richards' availability for depositions during the week of March 31, 2008. I will contact you as soon as I hear back from them.

Thank you.
Jaime

*Jaime J. LaPorte , Esq.*
*Adler Pollock & Sheehan P.C.*
*One Citizens Plaza, 8th Floor*
*Providence, RI 02903*
*Tel: (401) 274-7200*
*Fax: (401) 751-0604*

# Exhibit "C"

**Mark P. Gagliardi, Esq.**

**From:** Mark P. Gagliardi, Esq. [mark@gagliardilaw.net]
**Sent:** Monday, March 24, 2008 2:52 PM
**To:** 'LaPorte, Jaime'
**Subject:** RE: Enid Bonilla v. Electrolizing

Thanks. I will forward to you Notices of Deposition shortly.

Very truly yours,

Mark P. Gagliardi, Esq.
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
Cell: (401) 487-6666

-----Original Message-----
**From:** LaPorte, Jaime [mailto:JLaPorte@apslaw.com]
**Sent:** Monday, March 24, 2008 2:48 PM
**To:** Mark P. Gagliardi, Esq.
**Cc:** Dunne, LeeAnne; Millsom, Geoffrey
**Subject:** RE: Enid Bonilla v. Electrolizing

Dear Mark:
I have arranged for Mr. Godin and Mr. Bejbl to attend the depositions on the dates and times set forth below.
Thank you.
Jaime

-----Original Message-----
**From:** Mark P. Gagliardi, Esq. [mailto:mark@gagliardilaw.net]
**Sent:** Sunday, March 23, 2008 11:00 PM
**To:** LaPorte, Jaime; Millsom, Geoffrey
**Cc:** Beretta, Richard
**Subject:** RE: Enid Bonilla v. Electrolizing

Dear Jaime:

First, thank you for allowing the use of your firm's conference room. I would like to depose Mr. Godin on 4/1/08 (9:30-11:30 AM) and Mr. Bebl on 4/4/08 (9:30-1:30 PM). Of course, I will make arrangements for the court reporter to be there, and I will try to use the same company (and reporter) if possible.

Second, I have a big problem with the payroll records that have been produced to date. As I've stated before, these responses are incomplete as they consist merely a list of employees who received checks for each pay period. There must be in existence accompanying documents showing a list of the employees on the payroll (whether they received a check or not) and the hours each employee worked for each pay period. Sometime this week, probably on Wednesday, I will be filing a motion to compel regarding the other discovery requests in dispute (i.e., the subcontractors and the

personnel files). Unfortunately, if we cannot resolve this problem by then, I will have no choice but to include the un-produced payroll records in my motion.

Very truly yours,

Mark P. Gagliardi, Esq.
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
Cell: (401) 487-6666

-----Original Message-----
**From:** LaPorte, Jaime [mailto:JLaPorte@apslaw.com]
**Sent:** Friday, March 21, 2008 3:52 PM
**To:** Mark P. Gagliardi, Esq.
**Cc:** Millsom, Geoffrey
**Subject:** Enid Bonilla v. Electrolizing

Dear Mark:
Attached please find the payroll record for the pay period December 27, 2004 to January 7, 2005. Also, Chris Bejbl and Alan Godin are available to be deposed on March 31, 2008, April 1, 2008 or April 4, 2008. Please let me know what date and times work best for you and I will reserve a conference room here at our office. I have not heard back from Dave Richards regarding his availability. I will contact him again on Monday. Thank you.
Jaime

*Jaime J. LaPorte , Esq.*
*Adler Pollock & Sheehan P.C.*
*One Citizens Plaza, 8th Floor*
*Providence, RI 02903*
*Tel: (401) 274-7200*
*Fax: (401) 751-0604*