## Millsom, Geoffrey

**From:** Millsom, Geoffrey
**Sent:** Wednesday, May 14, 2008 12:13 PM
**To:** 'Mark P. Gagliardi, Esq.'
**Cc:** bbellesq@aol.com; Ramos, Adam
**Subject:** RE: Bonilla v. Electrolizing

Mark: Please let me know what you want to do about Mr. Richards deposition. Since he is a party and, arguably the most important witness in the case other than your client, we will not consent to a telephone or video-conference deposition.

Regarding Armoloy and the cap: First, I expect that remittitur will not be necessary as we will ask that the jury be instructed as to the applicable law, including the cap. Second, please send me the evidence and authority upon which you rely for your position that: 1) Armoloy is the parent company of Electrolizing, 2) employees of parent companies are relevant to the employee count for FMLA purposes, and 3) Armoloy has any employees. I don't believe you have a good faith factual or legal basis to add them as a Defendant and, absent your assurances, expect that we would seek to make an issue that. I don't like making an issue of another party's good faith and have not filed a Rule 11 motion since moving to Rhode Island, but in your desperation to save this weak case, you are starting to push the envelope. In any event, we don't consent to any proposed amendment.

I'm sorry you can't convince your client to make a demand, but at least you will have given her the opportunity to do so in the event that the summary judgment motion results in dismissal of her claims.

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

E-Mail gmillsom@apslaw.com
Phone 401.274.7200
Fax 401.751.0604
Visit our website at www.apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
**************************************************

To comply with IRS regulations, we advise that any discussion of federal tax issues in this e-mail is not intended or written to be used, and cannot be used, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

This e-mail message is confidential and is intended only for the named recipient(s). It may contain information that is subject to the attorney client privilege or the attorney work-product doctrine or that is otherwise exempt from disclosure under applicable law. If you have received this e-mail message in error, or are not the named recipient (s), please immediately notify the sender and delete this message from your computer and destroy all copies. Thank you.

-----Original Message-----
**From:** Mark P. Gagliardi, Esq. [mailto:mark@gagliardilaw.net]
**Sent:** Wednesday, May 14, 2008 11:33 AM
**To:** Millsom, Geoffrey
**Cc:** bbellesq@aol.com
**Subject:** Bonilla v. Electrolizing

Hi, Geoff:

Just touching base re a several issues …

First, we have decided not to travel to NC to depose Mr. Richards, nor to reimburse him for coming to RI. It is just too costly and time-consuming. In the alternative, we may seek to depose Mr. Richards via video or telephone conference, depending on the cost. I am in the process of getting an estimate from Allied. We may end up not deposing him at all and just wing it at trial.

Second, since the court has denied our FEPA claim, it looks like a cap on damages will apply, though that amount is unclear. I have relied on your representations that the company has fewer than 100 employees and, therefore, the $50 K cap applies. While it is clear that Electrolizing has fewer than 100 employees at its Providence, RI facility, it is has not been established that the entire company, including the parent company has fewer than 100 employees, which is the proper analysis for Title VII cap purposes (i.e., the cap applies to the Respondents). Therefore, in anticipation of a jury verdict for Plaintiff in excess of the cap and Defendants subsequent motion for remittitur due to cap, I will be filing a Second Amended Complaint to add Armoloy as a defendant. I did not discover that Armoloy is the parent company until Chris Bejbl's deposition on 4/4/08. Furthermore, the matter was moot until the court's recent order denying our FEPA claim. Please let me know if you will stipulate to this amendment or whether I should file a motion for leave to amend.

Third, I am working with my client on a demand, but she keeps expressing the same concern that we have already reduced our past demands. She may be inclined to set forth a settlement figure, rather than a demand just to let your client know where we stand.

Please call if you have any questions.

Very truly yours,

Mark P. Gagliardi, Esq.
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)
Cell: (401) 487-6666