**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA, | : | |
| Plaintiff, | : | C.A. No. 07-331S |
| v. | : | |
| ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS, | : | |
| Defendants. | : | |

**ANSWER OF ELECTROLIZING, INC., ALAN GODIN**
**AND DAVE RICHARDS TO AMENDED COMPLAINT**

Electrolizing, Inc., Alan Godin and Dave Richards as and for their Answer to the Amended Complaint of Enid Bonilla, respond as follows:

To the extent that the initial paragraph of the Amended Complaint requires a response, Defendants deny the allegations contained therein.

**Response as to "The Parties"**

1. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Defendants admit the allegations set forth in paragraph 2.

3. In response to paragraph 3, Defendants state that they are without knowledge and information sufficient to form a belief as to what "times" are relevant to Plaintiffs allegations, admit that Alan Godin is an employee of Electrolizing, Inc., and deny that Alan Godin has ever been employed in a supervisory capacity over Ms. Bonilla.

4. In response to paragraph 4, Defendants state that they are without knowledge and information sufficient to form a belief as to what "times" are relevant to Plaintiffs allegations and

admit that Dave Richards is a former employee of Electrolizing, Inc. and that he was a supervisor.

**Response as to "Jurisdiction"**

5. Paragraph 5 of the Amended Complaint calls for legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants admit that this Court has jurisdiction over claims arising under 42 U.S.C. § 2000e et. seq. and 29 U.S.C. § 2601 et. seq., but denies that this Court has jurisdiction in this matter pursuant to 42 U.S.C. § 1981.

**Response as to "Administrative Procedures"**

6. Defendants admit the allegations set forth in paragraph 6.

**Response as to "Statement of Facts"**

7. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Defendants admit that Ms. Bonilla began working at Electrolizing on March 30, 2004. Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit that Ms. Bonilla worked at Electrolizing in the Shipping and Receiving Department and deny the remaining allegations set forth in paragraph 9.

10. Defendants deny the allegations set forth in paragraph 10.

11. Defendants deny the allegations set forth in paragraph 11.

12. Defendants deny the allegations set forth in paragraph 12.

13. Defendants deny the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14.

15. Defendants deny the allegations set forth in paragraph 15.

16. Defendants deny the allegations set forth in paragraph 16.

17. Defendants deny the allegations set forth in paragraph 17.

18. Defendants deny the allegations set forth in paragraph 18.

19. Defendants deny the allegations set forth in paragraph 19.

20. Defendants deny the allegations set forth in paragraph 20.

21. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Defendants admit that Ms. Bonilla requested and received permission to leave work early on February 8, 2006 and are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in the paragraph.

23. Defendants admit that Ms. Bonilla worked on February 9 and 10, 2006 Defendants are without knowledge and information necessary to form a belief as to the truth of the remaining allegations set forth in the paragraph.

24. Defendants admit that Electrolizing terminated Ms. Bonilla's employment on February 10, 2006 and deny the remaining allegations set forth in the paragraph.

25. Defendants admit the allegations set forth in paragraph 25.

26. In response to paragraph 26, Defendants admit that, after nearly ten months of investigation, neither the Rhode Island Commission for Human Rights nor the United Stated Equal Employment Opportunity Commission made a finding of probable cause or brought a Complaint of Discrimination against the Defendants and Plaintiff was forced to request a Right to Sue Letter. Defendants deny the remaining allegations set forth in paragraph 26.

27. Defendants admit that Ms. Bonilla has attached to her Complaint a copy of a document that purports to be a Notice of Right To Sue (Issued On Request) from the EEOC.

Defendants are without knowledge and information necessary to form a belief as to the truth of the remaining allegations set forth in paragraph 27.

28. Defendants admit that Ms. Bonilla has attached to her Complaint a copy of a document that purports to be a Notice of Right To Sue (Issued On Request) from the RICHR. Defendants are without knowledge and information necessary to form a belief as to the truth of the remaining allegations set forth in paragraph 28.

**Response as to "Count I (Violation of**
**Title VII of the Civil Rights Act of 1965 - Discrimination)"**

29. Defendants repeat each of their responses to paragraphs 1 through 28 as though fully set forth herein.

30. Defendants deny the allegations set forth in paragraph 30.

31. Defendants deny the allegations set forth in paragraph 31.

**Response as to "Count II (Violation of**
**Title VII of the Civil Rights Act of 1964 - Retaliation)"**

32. Defendants repeat each of their responses to paragraphs 1 through 31 as though fully set forth herein.

33. Defendants deny the allegations set forth in paragraph 33.

34. Defendants deny the allegations set forth in paragraph 34.

**Response as to "Count III (Violation of the Family Medical Leave Act 'FMLA')"**

35. Defendants repeat each of their responses to paragraphs 1 through 34 as though fully set forth herein.

36. Defendants deny the allegations set forth in paragraph 36.

37. The allegations in paragraph 37 of the Amended Complaint call for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is

required, Defendants admit that Plaintiff had been employed by Electrolizing for at least 12 months and that she logged at least 1250 hours of service in the 12 months prior to her termination. Defendants deny the remaining allegations set forth in paragraph 37.

38. The allegations in paragraph 38 of the Amended Complaint call for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations set forth in paragraph 38.

39. The allegations in paragraph 39 of the Amended Complaint call for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants admit that Plaintiff notified Defendant Richards that she was leaving work to take her children to the hospital. Defendants deny the remaining allegations set forth in paragraph 39.

40. The allegations in paragraph 40 of the Amended Complaint call for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations set forth in paragraph 40.

41. The allegations in paragraph 41 of the Amended Complaint call for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations set forth in paragraph 41.

42. Defendants admit that Plaintiff was terminated from her employment. Defendants deny the allegations set forth in paragraph 42, and specifically deny that Plaintiff had any rights under the FMLA.

43. The allegations in paragraph 43 of the Amended Complaint call for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations set forth in paragraph 43.

44. The allegations in paragraph 36 of the Amended Complaint call for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations set forth in paragraph 44.

45. Defendants deny the allegations set forth in paragraph 45.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by her failure to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Title VII claim is barred, in whole or in part, by the statute of limitations.

**WHEREFORE**, Defendants request that the Court:

1. Enter judgment in favor of Defendants on all of Plaintiff's claims;
2. Award Defendants their costs, and attorneys' fees;
3. Grant such other relief as the Court deems just and proper.

Dated: Providence, Rhode Island
June 2, 2008

ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,

By their attorneys

/s/ *Adam M. Ramos*
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2008, a copy of the foregoing Answer Of Electrolizing, Inc., Alan Godin and Dave Richards to Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Adam M. Ramos*

*456199_1*