**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENID BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,<br><br>Defendants. | : | C.A. No. 07-331S |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE**
**THE TELEPHONIC DEPOSITION OF DEFENDANT DAVE RICHARDS**

On May 23, 2008, Plaintiff Enid Bonilla filed an Emergency Motion To Compel Telephonic Deposition of Defendant Dave Richards ("Motion to Compel"). On May 28, 2008 – before the deadline for filing an opposition and three days before the close of discovery, which had been extended to May 31, 2008 for the exclusive purpose of taking Mr. Richards' deposition – Defendants Electrolizing, Inc., Alan Godin and Dave Richards filed an opposition to that motion, which identified myriad procedural and substantive infirmities, including fact that Plaintiff had not yet served a notice of deposition for Mr. Richards.

Three days later the discovery period closed without the plaintiff having noticed Mr. Richard's deposition or otherwise taking action to correct the procedural infirmities identified in Defendants' opposition brief.

Plaintiff did attempt to address the procedural deficiencies in her motion on June 5, 2008 – four days before the hearing on the Motion to Compel and five days after the close of the discovery period – by withdrawing her motion to compel and moving for leave to take the

telephonic deposition of Mr. Richards. This tactic, however, merely substitutes new procedural deficiencies in place of the old ones. By moving for leave after the close of discovery and without having even served a deposition notice, plaintiff is acting in derogation of the court's scheduling orders, which were specifically extended to permit plaintiff to take the deposition she failed to notice or to move timely to take telephonically.

Defendants recognize that they assented to the taking of Mr. Richards' deposition after the close of discovery if they were unsuccessful in their opposition to the Motion to Compel. However, the Motion to Compel was timely filed prior to the close of discovery and has since been withdrawn.[1] Defendants did not consent to either the serving of a deposition notice after the expiration of the discovery period or the filing of a motion for leave to take a telephonic deposition after the expiration of the discovery period. So, Plaintiff's failure to either notice Mr. Richards' deposition or move this court for leave to take it telephonically before the discovery window closed in this case should be fatal to her instant motion.

Should the Court wish to address the merits of whether Plaintiff should be permitted to take the deposition of Mr. Richards by telephone, Defendants incorporate in this opposition all the substantive arguments detailed in Defendants' first opposition brief. Doc. No. 47 at 6-14.

---

[1] The fact that the hearing date for the two motions is the same is of no moment. The Motion for Leave was filed after the close of discovery despite the fact the Plaintiff was alerted to the impropriety of her earlier motion <u>before</u> the close of discovery and in time to cure the defect within the discovery period. As such, Plaintiff must face the consequences of the untimeliness of the Motion for Leave.

Dated: June 6, 2008
Providence, Rhode Island

ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,

By their attorneys

/s/ *Geoffrey W. Millsom*
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
aramos@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2008, a copy of the foregoing Opposition to Plaintiff's Motion for Leave to Take the Telephonic Deposition of Defendant Dave Richards was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Geoffrey W. Millsom*

*457107_1.doc*