UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ENID BONILLA,<br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC.,<br>ALAN GODIN, alias,<br>DAVE RICHARDS, alias, and<br>any and all defendants,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 07-331 S |

**ORDER**
**DENYING MOTION FOR LEAVE**
**TO TAKE TELEPHONIC DEPOSITION**

Before the Court is Plaintiff's Motion for Leave to Take the Telephonic Deposition of Defendant Dave Richards (Doc. #52) ("Motion for Leave" or "Motion"). A hearing on the Motion was conducted on June 9, 2008. The Motion is denied for the following reasons.

First, the only basis advanced by Plaintiff for conducting the deposition by telephone is financial hardship. However, at the hearing Defendants' counsel presented evidence[1] that a round-trip air fare between Providence, Rhode Island, and Raleigh, North Carolina, the city in which Mr. Richards is located, could be obtained as of June 9, 2008, for approximately $185.50. In addition, the flight schedules are such that it appears feasible for Plaintiff's counsel to travel to North Carolina, conduct the deposition, and return the same day, thus avoiding lodging costs. These circumstances substantially ameliorate the claimed financial hardship.

Second, Dave Richards ("Mr. Richards") is a party to this

---

[1] The evidence is in the form of a printout obtained from http://travel.travelocity.com. The Court has designated this document as a hearing exhibit.

litigation and not simply a witness. By virtue of this status, his deposition takes on added importance.

Third, the Court agrees with Defendants that Mr. Richards is one of the two most important witnesses in this case. Plaintiff alleges that she complained to him about discriminatory comments in the workplace and that he fired her for reasons that violate federal law.

Fourth, Plaintiff's counsel indicated at the hearing that he intended to refer at the deposition to between five and ten documents. Such referencing is made more difficult when the deponent and interlocutor are separated by hundreds of miles and connected only by a telephone line. Cf. United States v. Ferrera, 746 F.2d 908, 913 (1st Cir. 1984)(noting "the practical and legal difficulties inherent in telephone depositions").

Fifth, although Plaintiff faults Defendants for failing to disclose prior to mid-March 2004 that Mr. Richards had moved outside of Rhode Island, there is no evidence that Plaintiff made any move to depose Mr. Richards before he left Rhode Island.[2] Thus, even if Defendants had disclosed Mr. Richards' relocation earlier, Plaintiff would face the same alleged hardship of having to travel to North Carolina to depose him.

Accordingly, the Motion is **DENIED**. However, the Court will further extend the period[3] during which Plaintiff may take the deposition of Mr. Richards in North Carolina to **July 3, 2008. The deadline for filing dispositive motions is further extended to July 10, 2008, and the deadline for filing pretrial memoranda**

---

[2] Fact discovery was originally scheduled to be completed by February 29, 2008, see Pretrial Order (Doc. #8), but was extended sixty days to April 30, 2008, as a result of a joint motion by the parties which the Court granted, see Docket.

[3] See Order Granting in Part Motion to Extend Discovery Deadline and Other Dates (Doc. #33) at 2.

**is extended to thirty days after the decision on any dispositive motion, or, if no dispositive motions are filed, July 31, 2008.**

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 10, 2008