**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ENID BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,<br><br>Defendants. | C.A. No. 07-331-S |

**STATEMENT OF UNDISPUTED FACTS**

Defendants, Electrolizing, Inc. ("Electrolizing"), Alan Godin and Dave Richards submit the following Statement of Undisputed Facts in support of their Motion for Summary Judgment.

1. Defendant Electrolizing, Inc. ("Electrolizing") is a Rhode Island corporation that applies a patented chrome plating process to metal pieces and equipment. Transcript of Deposition of Chris Bejbl attached in excerpted form as Exhibit A at 11-12.

2. Defendant Alan Godin currently works in Electrolizing's shipping department, where he packs the equipment treated by Electrolizing and prepares it for shipping back to the customer. Transcript of Deposition of Alan Godin attached in excerpted form as Exhibit B at 16. He has been an employee of Electrolizing for more than twenty-six years. Exhibit B at 9.

3. Defendant Dave Richards is a former employee of Electrolizing. Declaration of Dave Richards ("Richards Dec.") filed contemporaneously herewith, ¶ 2-3.

4. During the time period relevant to this dispute, Mr. Richards held the position of Operations Manager and was Plaintiff's supervisor. Richards Dec., ¶ 2.

5. During the time period relevant to this dispute, Electrolizing did not employ 50 or more employees for 20 or more weeks of any calendar year. Declaration of Chris Bejbl ("Bejbl Dec.") filed contemporaneously herewith, ¶¶ 3-4; Exhibit 1.

6. Electrolizing had 50 or more employees for 18 weeks in 2005 and for 1 week in 2006. Bejbl Dec., ¶¶ 3-4, Exhibit 1.

7. The majority of Electrolizing's workforce is of Hispanic origin. Transcript of Deposition of Enid Bonilla attached in excerpted form as Exhibit C at 86-87, (attached as Exhibit C); Transcript of Deposition of Pedro Roman attached in excerpted form as Exhibit D at 17.

8. Plaintiff is a former employee of Electrolizing, who began her employment with Electrolizing in March of 2004 as a part-time employee and became a full-time employee in early 2005. Exhibit C at 22-23; 31.

9. As a full-time Electrolizing employee, Plaintiff worked in both shipping and receiving. Richards Dec., ¶¶ 4-5, 8.

10. She would report to the receiving area in the morning, where she would open the packages that arrived from Electrolizing's customers, process the work for distribution to the appropriate Electrolizing plating areas, and direct it to those areas. Richards Dec., ¶¶ 4-5, 8.

11. Once the packages received each day were fully processed, Ms. Bonilla would move over to the shipping area and work with Alan Godin to package and ship the finished products back to Electrolizing's customers. Richards Dec., ¶¶ 6-7; Exhibit C at 24.

12. Because Mr. Godin's shift runs from 7:00 a.m. to 3:30 p.m., Ms. Bonilla was expected to handle the shipping responsibilities by herself for the latter part of the day. Richards Dec., ¶ 7.

13. She was also expected to work overtime, when necessitated by the volume of Electrolizing's work. Richards Dec., ¶ 10.

14. Ms. Bonilla's job performance was below average and she consistently had attendance problems. Richards Dec., ¶ 9.

15. Ms. Bonilla's performance evaluation reveals that she "exceeded allowable days" would not "stay late" when necessary. *See* Richards Dec., Exhibit 1.

16. The performance evaluation also indicated that she was "talking too much." *See* Richards Dec., Exhibit 1.

17. Plaintiff's score on the evaluation was 45 points out of a possible 60, a score that was well below average, as compared to other Electrolizing production workers. Richards Dec., ¶¶ 11-13, Exhibit 1.

18. For every time period between the one that began on October 16, 2005 through the week of her termination, which occurred on February 10, 2006, Ms. Bonilla missed at least one unscheduled partial or full day of work. *See* Richards Dec., Exhibit 2, 3; Bejbl Dec., Exhibit 2.

19. In light of Ms. Bonilla's inability to adequately perform her job requirements by herself, Electrolizing was forced to hire another employee (Anilsa Soriano) to work as Ms. Bonilla's assistant as a "receiving clerk." Richards Dec., ¶ 9; Transcript of Deposition of Anilsa Soriano attached in excerpted form as Exhibit E at 16.

20. Ms. Soriano assisted Ms. Bonilla with the processing of the incoming work for most of the day and then helped Ms. Bonilla with shipping in the late afternoon. Exhibit E at 16 – 18.

21. On February 3, 2006, Ms. Bonilla informed her supervisor, Dave Richards, that her husband had been in a serious car accident and requested permission to leave work in order to go to the emergency room and be with him. Richards Dec., ¶ 12; *see also* Affidavit of Enid Bonilla in Support of Complainant's Charge of Discrimination, submitted to the State of Rhode Island and Providence Plantations Commission for Human Rights on Dec. 6, 2006, attached as Exhibit F, ¶ 23.

22. Mr. Richards granted Ms. Bonilla permission to leave work early. Richards Dec., ¶ 12; Exhibit F, ¶ 24.

23. Mr. Richards was concerned that Plaintiff may have fabricated the story about her husband's injuries solely in order to be excused from work early. Richards Dec., ¶ 14.

24. Following Plaintiff's departure on February 3, 2006, Mr. Richards reviewed her time records and attendance history and made it a point to counsel Ms. Bonilla on her failure to consistently meet the minimum attendance requirements of the job. Richards Dec., ¶ 16; Exhibit C at 55.

25. Two days later, Plaintiff asked Mr. Richards to leave early, because her children were sick. Richards Dec., ¶ 17; Exhibit C at 55.

26. Mr. Richards granted Ms. Bonilla the additional time off. Richards Dec., ¶ 17.

27. Over the next few days, Mr. Richards decided to terminate Ms. Bonilla because of her consistent inability to meet Electrolizing's attendance requirements and work a full 40 hour week. Richards Dec., ¶ 18.

28. Electrolizing has terminated several other employees for excessive absenteeism since 2003. Defendant Electrolizing, Inc.'s Supplemental Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit G at 3-10.

29. On February 10, 2006, Mr. Richards terminated Ms. Bonilla and her assistant, Ms. Soriano. Richards Dec., ¶ 19.

30. Ms. Bonilla and Ms. Soriano were both replaced by a single employee who – to this day – performs all the receiving and shipping functions that were required of both of them. Ms. Soriano. Richards Dec., ¶ 20.

Dated: Providence Rhode Island
July 2, 2008

ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,

By their attorneys

/s/ *Geoffrey W. Millsom*

Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Statement of Undisputed Facts through the ECF system on the 2nd day of July, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case C.A. No. 07-331-S

*/s/ Geoffrey W. Millsom*

*460030_1.doc*