**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ENID BONILLA,
Plaintiff

v. : C.A. No. 07-331S

ELECTROLIZING, INC.,
ALAN GODIN, *alias*,
DAVE RICHARDS, *alias*, and
any and all defendants,
Defendants

**STATEMENT OF DISPUTED FACTS**

Now comes Enid Bonilla, the Plaintiff in the above-captioned matter, and hereby responds to Defendants' Statement of Undisputed Facts as follows:

1. Defendant, Electrolizing, Inc. ("Electrolizing") is a Rhode Island corporation that applies a patented chrome plating process to metal pieces and equipment. Transcript of Deposition of Chris Bejbl attached in excerpted form as Exhibit A at 11-12.

**Response No. 1: As to the facts alleged in Paragraph 1, Plaintiff admits the statements contained therein.**

2. Defendant Alan Godin currently works in Electrolizing's shipping department, where he packs the equipment treated by Electrolizing and prepares it for shipping back to the customer. Transcript of Deposition of Alan Godin attached in excerpted form as Exhibit B at 16. He has been an employee of Electrolizing for more than twenty-six years. Exhibit B at 9.

**Response No. 2: As to the facts alleged in Paragraph 2, Plaintiff admits the statements contained therein.**

3. Defendant Dave Richards is a former employee of Electrolizing. Declaration of Dave Richards ("Richards Dec.") filed contemporaneously herewith, ¶2-3.

**<u>Response No. 3</u>: As to the facts alleged in Paragraph 3, Plaintiff admits the statements contained therein.**

4. During the time period relevant to this dispute, Mr. Richards held the position of Operations Manager and was Plaintiff's supervisor. Richards Dec., ¶2.

**<u>Response No. 4</u>: As to the facts alleged in Paragraph 4, Plaintiff admits the statements contained therein.**

5. During the time period relevant to this dispute, Electrolizing did not employ 50 or more employees for 20 or more weeks of any calendar year. Declaration of Chris Bejbl ("Bejbl Dec.") filed contemporaneously herewith, ¶¶ 3-4; Exhibit 1.

**<u>Response No. 5</u>: As to the facts alleged in Paragraph 5, Plaintiff denies the statements contained therein. Answering further, Plaintiff claims that Electrolizing employed 50 or more employees for 20 weeks in 2005; 38 weeks when including Christopher Bejbl (Pl's Mem. Opp'n Defs' Mot. Summ. J.; Ex.7).**

6. Electrolizing had 50 or more employees for 18 weeks 2005 and for 1 week in 2006. Bejbl Dec., ¶¶ 3-4, Exhibit 1.

**<u>Response No. 6</u>: As to the facts alleged in Paragraph 6, Plaintiff denies the statements contained therein. Answering further, Plaintiff claims that Electrolizing employed 50 or more employees for 20 weeks in 2005; 38 weeks when including Christopher Bejbl. (Pl's Mem. Opp'n Defs' Mot. Summ. J.; Ex.7).**

7. The majority of Electrolizing's workforce is of Hispanic origin. Transcript of Deposition of Enid Bonilla attached in excerpted form as Exhibit C at 86-87, (attached as Exhibit C); Transcript of Deposition of Pedro Roman attached in excerpted form as Exhibit D at 17.

**<u>Response No. 7</u>: As to the facts alleged in Paragraph 7, Plaintiff admits the statements contained therein.**

8. Plaintiff is a former employee of Electrolizing, who began her employment with Electrolizing in March of 2004 as a part-time employee and became a full-time employee in early 2005. Exhibit C at 22-23; 31.

**Response No. 8: As to the facts alleged in Paragraph 8, Plaintiff admits the statements contained therein.**

9. As a full-time Electrolizing employee, Plaintiff worked in both shipping and receiving. Richards Dec., ¶¶ 4-5, 8.

**Response No. 9: As to the facts alleged in Paragraph 9, Plaintiff admits the statements contained therein.**

10. She would report to the receiving area in the morning, where she would open the packages that arrived from Electrolizing's customers, process the work for the distribution to the appropriate Electrolizing plating areas, and direct it to those areas. Richards Dec., ¶¶ 4-5, 8.

**Response No. 10: As to the facts alleged in Paragraph 10, Plaintiff admits the statements contained therein.**

11. Once the packages received each day were fully processed, Ms. Bonilla would move over to the shipping area and work with Alan Godin to package and ship the finished products back to Electrolizing's customers. Richards Dec., ¶¶6-7; Exhibit C at 24.

**Response No. 11: As to the facts alleged in Paragraph 11, Plaintiff admits the statements contained therein.**

12. Because Mr. Godin's shift runs from 7:00 a.m. to 3:30 p.m., Ms. Bonilla was expected to handle the shipping responsibilities by herself for the latter part of the day. Richards Dec., ¶7.

**Response No. 12: As to the facts alleged in Paragraph 12, Plaintiff admits the statements contained therein.**

13. She was also expected to work overtime, when necessitated by the volume of Electrolizing's work. Richards Dec., ¶10.

**Response No. 13: As to the facts alleged in Paragraph 13, Plaintiff denies the statements contained therein. Answering further, Plaintiff states that she worked overtime when she was available, but she was not required or expected to do so by her employer. (Aff. Enid Bonilla ¶ 16).**

14. Ms. Bonilla's job performance was below average and she consistently had attendance problems. Richards Dec., ¶9.

**Response No. 14:**

**As to the whether Ms. Bonilla's job performance was below average, Plaintiff denies this statement (Pl's Mem. Opp. Defs' Mot. Summ. J.; Ex. 6) (Excerpted Tr. Depo. Alan Godin at 56-57).**

**As to the whether Ms. Bonilla consistently had attendance problems, Plaintiff denies this statement. Answering further, Plaintiff states that any time she missed from work was in accordance with the company's attendance policy (Aff. Enid Bonilla ¶ 30).**

15. Ms. Bonilla's performance evaluation reveals that she "exceeded allowable days" would not "stay late" when necessary. *See* Richards Dec., Exhibit 1.

**Response No. 15: As to the whether Ms. Bonilla performance evaluation reveals that she "exceeded allowable days," Plaintiff admits to this statement. Answering further, Plaintiff states that based on her years of service at the time, she was only eligible to earn five vacations days (Ex. 2).**

**As to the whether Ms. Bonilla would not "stay late" when necessary, Plaintiff denies this statement (Excerpted Tr. Dep. Enid Bonilla at 37-38).**

16. The performance evaluation also indicated that she was "talking too much." *See* Richards Dec., Exhibit 1.

**Response No. 16: As to the facts alleged in Paragraph 16, Plaintiff admits the statements contained therein.**

17. Plaintiff's score on the evaluation was 45 points out of a possible 60, a score that was well below average, as compared to other Electrolizing production workers. Richards Dec., ¶¶11-13, Exhibit 1.

**<u>Response No. 17</u>: As to the whether Ms. Bonilla's score on the evaluation was 45 points out of a possible 60, Plaintiff admits this statement.**

**As to whether Ms. Bonilla's score was well below average as compared to other Electrolizing production workers, Plaintiff denies this based on: (1) the lack of comparative evidence produced by Defendants; and (2) shortly after receiving this rating. Plaintiff received a fifty cent per hour raise and a $1,000 bonus (Ex. 4).**

18. For every time period between the one that began on October 16, 2005 through the week of her termination, which occurred on February 10, 2006, Ms. Bonilla missed at least one unscheduled partial or full day of work. *See* Richards Dec., Exhibit 2,3; Bejbl Dec., Exhibit 2.

**<u>Response No. 18</u>: As to the facts alleged in Paragraph 18, Plaintiff denies the statements contained therein (Aff. Enid Bonilla; Ex. 6)**

19. In light of Ms. Bonilla's inability to adequately perform her job requirements by herself, Electrolizing was forced to hire another employee (Anilsa Soriano) to work as Ms. Bonilla's assistant as a "receiving clerk." Richards Dec., ¶9; Transcript of Deposition of Anilsa Soriano attached in excerpted form as Exhibit E at 16.

**<u>Response No. 19</u>: As to the facts alleged in Paragraph 19, Plaintiff denies the statements contained therein. Answering further, Electrolizing hired Anilsa Soriano to eventually take Enid's place in the shipping department. Electrolizing would send Enid and Anilsa to shipping to help Alan. Alan Godin claims that sometimes there was no work for them to do (Excerpted Tr. Depo. Anilsa Soriano at 18).**

20. Ms. Soriano assisted Ms. Bonilla with the processing of the incoming work for most of the day and then helped Ms. Bonilla with the shipping in the late afternoon. Exhibit E at 16-18.

**Response No. 20: As to the facts alleged in Paragraph 20, Plaintiff admits the statements contained therein.**

21. On February 3, 2006, Ms. Bonilla informed her supervisor, Dave Richards, that her husband had been in a serious car accident and requested permission to leave work in order to go to the emergency room and be with him. Richards Dec., ¶12; *see also* Affidavit of Enid Bonilla in Support of Complainant's Charge of Discrimination, submitted to the State of Rhode Island and Providence Plantations Commission for Human Rights on Dec. 6, 2006, attached as Exhibit F, ¶23.

**Response No. 21: As to the facts alleged in Paragraph 21, Plaintiff admits that on February 3, 2006, she informed Mr. Richards that her husband was involved in a car accident and that she requested permission to leave work to be with him. Answering further, Plaintiff denies the remaining statement in Paragraph 21 (Excerpted Tr. Dep. Enid Bonilla at 77).**

22. Mr. Richards granted Ms. Bonilla permission to leave work early. Richards Dec., ¶12; Exhibit F, ¶24.

**Response No. 22: As to the facts alleged in Paragraph 22, Plaintiff admits the statements contained therein.**

23. Mr. Richards was concerned that Plaintiff may have fabricated the story about her husband's injuries solely in order to be excused from work early. Richards Dec., ¶14.

**Response No. 23: As to the facts alleged in Paragraph 23, Plaintiff denies the statements contained therein (Aff. Enid Bonilla ¶¶ 10-16).**

24. Following Plaintiff's departure on February 3, 2006, Mr. Richards reviewed her time records and attendance history and made it a point to counsel Ms. Bonilla on her failure to consistently meet the minimum attendance requirements of the job. Richards Dec., ¶16; Exhibit C at 55.

**Response No. 24: As to the facts alleged in Paragraph 24, Plaintiff admits that Mr. Richards discussed her attendance with on February 6, 2006. Answering further, Plaintiff denied that she had a minimum attendance requirement (Aff. Enid Bonilla ¶¶ 10-16).**

25. Two days later, Plaintiff asked Mr. Richards to leave early, because her children were sick. Richards Dec., ¶17; Exhibit C at 55.

**<u>Response No. 25</u>: As to the facts alleged in Paragraph 25, Plaintiff admits the statements contained therein.**

26. Mr. Richards granted Ms. Bonilla the additional time off. Richards Dec., ¶17.

**<u>Response No. 26</u>: As to the facts alleged in Paragraph 26, Plaintiff admits the statements contained therein.**

27. Over the next few days, Mr. Richards decided to terminate Ms. Bonilla because of her consistent inability to meet Electrolizing's attendance requirements and work a full 40 hour week. Richards Dec., ¶18.

**<u>Response No. 27</u>: As to the facts alleged in Paragraph 27, Plaintiff denies the statements contained therein. Answering further, Plaintiff states that when Mr. Richards terminated her, he did not cite attendance as the reason for her termination. Rather, Mr. Richards stated: "I'm letting you go, so you can take care of your kids." (Excerpt Tr. Depo. Enid Bonilla at 57-58).**

28. Electrolizing has terminated several other employees for excessive absenteeism since 2003. Defendant Electrolizing, Inc.'s Supplemental Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit G at 3-10.

**<u>Response No. 28</u>: As to the facts alleged in Paragraph 28, Plaintiff admits the statements contained therein.**

29. On February 10, 2006, Mr. Richards terminated Ms. Bonilla and her assistant, Ms. Soriano. Richards Dec., ¶19.

**<u>Response No. 29</u>: As to the facts alleged in Paragraph 29, Plaintiff admits that Electrolizing terminated both Ms. Bonilla and Ms. Soriano on February 10, 2008. Answering further, Plaintiff denies that Ms. Soriano was Ms. Bonilla's assistant (Excerpted Tr. Depo. Enid Bonilla at 31).**

30. Ms. Bonilla and Ms. Soriano were both replaced by a single employee who - to this day - performs all the receiving and shipping functions that were required of both of them. Ms. Soriano. Richards Dec., ¶20.

**Response No. 30: As to the facts alleged in Paragraph 30, Plaintiff admits that Electrolizing replaced her with another worker. Answering further, Plaintiff denies the remaining facts asserted as Mr. Richards is not competent to attest to these facts since he is no longer employed by Electrolizing.**

Enid Bonilla
By Her Attorneys,

/s/Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
e-mail: mark@gagliardilaw.net

/s/Brandon S. Bell (#5871)
120 Wayland Avenue
Providence, RI 02906
(401) 272-6303
(401) 277-4163 (fax)
e-mail: bbellesq@aol.com

**CERTIFICATION**

I hereby certify that on this **22nd** day of **July**, 20**08**, I filed electronically this Statement of Undisputed Facts with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
gmillsom@apslaw.com

Adam M. Ramos, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
aramos@apslaw.com

Richard R. Beretta, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
rberetta@apslaw.com

/s/Mark P. Gagliardi