**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ENID BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLIZING, INC., ALAN GODIN and DAVE RICHARDS,<br><br>Defendants. | C.A. No. 07-331S |

**DEFENDANTS' COUNTER-STATEMENT OF UNDISPUTED FACTS**

Defendants Electrolizing, Inc., Alan Godin and Dave Richards hereby respond to Plaintiff's Statement of Undisputed Facts as follows:

1. Part of Electrolizing's indoctrination process for hiring new employees included providing each new employee with a company document entitled: "Company Information."

Response: Defendants do not dispute this fact.

2. On Page 22 of the Company Information manual, it states that Electrolizing offers eligible employees benefits under the Family Medical Leave Act.

Response: Defendants do not dispute this fact, but deny its relevance to the issues in this case as framed by Defendants' Motion for Summary Judgment.

3. At the time of her termination on February 10, 2006, Ms. Bonilla worked at least 1,250 hours at Electrolizing.

Response: Defendants do not dispute this fact.

4. From February 10, 2005 to February 10, 2006, Ms. Bonilla worked at least 1,250 hours at Electrolizing.

Response: Defendants do not dispute this fact.

5. On February 8, 2006, Mr. Bonilla's two children suffered from serious health conditions which required continuing treatment by a health care provider.

Response: Defendants dispute this fact and deny its relevance to the issues in this case as framed by Defendants' Motion for Summary Judgment. Ms. Bonilla contends that on or about February 8, 2006 one or both of her children contracted scarlet fever, which is not a serious health condition. "Scarlet fever is a term used for strep throat with a rash." (source: http://www.webmd.com/a-to-z-guides/scarlet-fever-topic-overview, last visited July 30, 2008). It is treatable with antibiotics and, along with its characteristic rash, symptoms include fever, sore throat, spotting at the back of the throat and swollen lymph nodes. *See Id*.

6. Mr. Richards fired Ms. Bonilla two days after she requested to take her children to the hospital.

Response: Defendants do not dispute that Plaintiff was terminated shortly after she left early one day claiming her husband had been in a car accident and left early another day claiming that she had to care for her sick children, but deny any causal connection between the events other than they caused Electrolizing to review Plaintiff's attendance history and discover her consistent inability to make the requisite time commitment. As explained by Dave Richards in his deposition:

"You can go back and look, and I guess you could say that I was too forgiving and allowed it to go that long -- that I should have terminated her two months earlier. Which was probably the case. For giving her the benefit of the doubt, not watching over her exact time, she had the benefit of that. If these instances hadn't happened, then I probably wouldn't have been able -- wouldn't have had any reason to go back and to look in depth and say, "Gee, she has missed these many." Richards Dep. Tr. at 299-300.

7. At the time of her termination, Enid Bonilla had available five (5) accrued, unused vacation days.

Response: Defendants dispute this fact and deny its relevance to the issues presented in Defendants' Motion for Summary Judgment. Electrolizing's Company Information manual expressly states that each new "year" for vacation purposes begins on November 1 and that vacation is earned according to a formula, and, in Plaintiff's case, at a rate of her hours worked x .038. Bejbl Dec., Exhibit 1 at 19. So, assuming Plaintiff worked 40 hours per week during the 14 weeks running from November 1, 2005 to February 10, 2006, the date of her termination, she would have had earned between two and three days of vacation (14 weeks x 40 hours = 560 hours; 560 hours x .038 = 21.28 hours; 21.28 hours @ 8 hrs/day = 2.66 vacation days). At the time of her termination, she had already taken 5 vacation days for the year.

8. In 2002, Mr. Godin was issued a written warning for making a remark about "Boat People" that offended another employee.

Response: Defendants do not dispute this fact, but deny its relevance to the issues presented in Defendants' Motion for Summary Judgment.

9. On July 5, 2006, Electrolizing issued a written warning to Mr. Godin for making derogatory comments to Ms. Bonilla.

Response: Defendants do not dispute this fact, but deny its relevance to the issues presented in Defendants' Motion for Summary Judgment.

10. During the three years that Mr. Richards was employed at Electrolizing, he only fired two employees for excessive absenteeism other than Enid Bonilla: Santo Souero and Erik Acevedo.

Response: Defendants do not dispute this fact, but deny its relevance to the issues presented in Defendants' Motion for Summary Judgment. Electrolizing terminated 9 employees for excessive absenteeism over the 5 year period that included Ms. Bonilla's employment. *See* Defendant Electrolizing, Inc.'s Supplemental Responses to Plaintiff's First Set of Interrogatories, at 3-10 (UF Exhibit G); *see also* UF Exhibit E at 18 ("Dave Richards, he wasn't so much of a bad guy, but, like, if you missed one day out of work, that's it, your job was on the line, no matter what excuse you had. Now your job was on the line"), 23-24, 33.

Dated: Providence, Rhode Island
August 1, 2008

ELECTROLIZING, INC., ALAN GODIN and DAVID RICHARDS,
By their attorneys,

*/s/ Geoffrey W. Millsom*
Richard R. Beretta (#4313)
Geoffrey W. Millsom (#6483)
Adam M. Ramos (#7591)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Memorandum of Law in Support of Defendants' Motion for Summary Judgment through the ECF system on the 1st day of August, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case C.A. No. 07-331-S

/s/ *Geoffrey W. Millsom*

*457554_2.doc*